13124.   MARLOW *v.* MAYOR & ALDERMEN OF SAVANNAH.

1. The term "employee," in section 2 (*b*) of the workmen's compensation act (Ga. L. 1920, p. 167), which provides that "employee" shall include "every person . . in the service of another under any contract of hire," etc., does not apply to a policeman of a municipality. The relation of employer and employee does not exist between a municipality and a policeman so as to create a liability and benefits under the act; for a policeman is a public officer.
2. Under the agreed statement of facts in this case, the court did not err in holding that a policeman of the City of Savannah is not an employee under a contract, express or implied, and in reversing and setting aside the award against the mayor and aldermen of the City of Savannah by the commission acting under the workmen's compensation act.

DECIDED MARCH 9, 1922.

Appeal; from Chatham superior court — Judge Meldrim. November 14, 1921.

On appeal from an award of the Industrial Commission, the judge of the superior court, who heard the case upon an agreed statement of facts, which is hereinafter set out, rendered an opinion as follows: "In the view I take of this case, I do not deem it necessary to decide the several issues raised by the pleadings. What-

ever right of action the petitioner has is derived from the statute. Unless she comes within its terms, she can not recover. It appears that her husband, for whose death damages are sought, was a regularly appointed police officer of the City of Savannah. The statute, section 2 (b), declares that "'Employee' shall include every person . . in the service of another under any contract of hire or apprenticeship, written or implied." A policeman is not an employee, under a contract, express or implied. A contract relationship of employer and employee must exist, to maintain this section, under the statute. Citations of authorities are not deemed necessary. Reference, however, can be had to Jackson v. Wilde, Mayor of San Diego, 198 Pac. 822, where a number of cases are collated; 10 American Law Reports, 201; McQuillin, Municipal Corporations, vol. 8, sec. 2417. The award of the commission is reversed and set aside."

*George M. Napier, attorney-general, Seward M. Smith,* assistant attorney-general, *Thomas L. Hill, Howard Stevens,* for plaintiff, cited: Ga. L. 1920, p. 168; 2 Brockenborough, 103; 158 N. W. (Minn.) 790; 106 Atl. (Penn.) 104; 162 Wis. 57; 163 Wis. 444; 9 *Ga. App.* 760; 22 *Ga. App.* 72; 19 Neg. Comp. Cas. Annot. 298; 10 Id. 836; 17 Id. 682; 20 C. P. 1243, note 16 (b); 50 Mich. 258; 107 *Ga.* 423; 142 *Ga.* 415; 95 Kans. 104; 15 Cyc. 1032; 30 Hun. 396; 3 Court of Claims, 257; 185 Mich. 35; 1 Cal. Ind. Acc. Comm. Dec. 4 (6 Neg. Comp. Cas. 1026); 106 S. E. (Va.) 371.

*Shelby Myrick, Edwin A. Cohen,* for defendant, cited: 54 *Ga.* 469; 142 *Ga.* 416; 12 *Ga. App.* 364; 93 *Ga.* 799-800; 68 *Ga.* 740-1; 111 *Ga.* 361; Park's Code, § 897; 8 McQuill. Mun. Corp. § 2417, pp. 8107-8; 94 Kans. 332; 48 Utah, 76; 185 Mich. 35, 42-3; 10 Am. Law Rep. Ann. 193-5; 291 Ill. 23; 223 Mass. 270; Dill. Mun. Corp. (5th ed.) § 1660; 38 Conn. 368 (9 Am. Rep. 382); Mechem, Pub. Off. §§ 855-6; 16 Gray, 297; 104 Mass. 87 (6 Am. R. 196), 145 Ky. 240 (36 L. R. A. (N. S.) 881); 102 N. Y. 536; 22 *Ga. App.* 287 (7); 228 N. Y. 16 (126 N. E. 350), rev. 189 App. Div. 49; 106 S. E. (Va.) 371-5.

LUKE, J. This case was tried upon an agreed statement of fact as follows: "It is hereby agreed by and between the parties to the above-stated case that the following statement is a true and correct one of the facts in this case: City Ordinances Appointing Policemen. 'Section 556. All appointments to the police force and pro-

motions therein (other than chief) shall be made by the mayor upon the recommendation of the chief of police, and the approval of the committee on police.' ' Section 557. The mayor and the said committee on police are authorized to make and enforce regulations touching the discipline, control, and government of the said police force.' ' Section 565. It shall be the duty of the privates of the police force to report for duty regularly and punctually at the time and place designated by the chief of police or officer in command. They shall place upon the information docket the names of all persons violating any of the existing ordinances; they shall arrest and take into custody all felons and rioters, all disorderly or suspected persons who may be found misbehaving themselves or in any manner disturbing the public peace, and all persons who may in any way assault, oppose, or resist them in the discharge of their duties.' ' Section 573. The officers and privates before entering upon their duties of their office shall take and subscribe to the following oath: " I do solemnly swear (or affirm) that I will during my continuance in office, to the best of my skill and ability, faithfully discharge all the duties which may be required of me; and that I will in all cases conform to the ordinances of the city, and its police regulations, and forthwith report all violations of the ordinances which may come to my knowledge." And a bond for the faithful discharge of his duties shall be required of the chief of police, with security to be approved by the mayor, in the sum of $4000, and of each sergeant and private in the sum of $500. And the mayor shall order printed copies of such oath or affirmation to be made in a book, wherein such deponent or affirmant shall subscribe before the mayor or acting mayor, and the same shall be kept among the records of council.' Walter H. Marlow was thirty-one years of age, duly and legally married to claimant, Mildred Walker Marlow, on January 14, 1915, in Savannah, Georgia; and Clare Mona Marlow, the child of claimant, was born on October 2, 1920, at 312 Habersham street in the City of Savannah, Georgia. Walter H. Marlow was appointed a policeman of the City of Savannah, on recommendation of the police committee of council, by the mayor, on March 10, 1921, at a salary of $125 per month, and was killed by an unknown person on March 27, 1921, while said police-

man Marlow was on duty and in the discharge of his duty. The City of Savannah contributed $50 towards the funeral expenses of policeman Marlow; and, in addition to the funeral benefit allowance, claimant has received the sum of $720 in monthly installments, which sum so paid by consent of all parties is to be allowed on a credit on the award by the industrial commission to the claimant, Mrs. Mildred Walker Marlow. It is further understood and agreed that the policemen of the City of Savannah are not under any civil-service rules, and that they can be discharged at any time by the mayor of the City of Savannah, with or without cause; and that policeman Marlow was employed under these conditions by the mayor and aldermen of the City of Savannah, as a policeman of the City of Savannah."

The plaintiff in this case contended that her deceased husband, who was a policeman on the force of the City of Savannah, was an employee of the mayor and aldermen of the city and was entitled to be classed as such, and that she was entitled to the benefits of the Georgia workmen's compensation act (Ga. L. 1920, p. 167). It was contended by the plaintiff that under section 2 (b), her deceased husband was an employee. The particular part of section 2 (b) pertinent here is as follows: "Employee shall include every person, including a minor, in the service of another under any contract of hire or apprenticeship, written or implied." The sole question presented here for determination is whether this policeman was an employee or a public officer. The Supreme Court of Appeals of Virginia, upon a statute almost identical with the Georgia act, has held that a policeman is a public officer, and not such an employee as is contemplated by the act. Mann v. City of Lynchburg, 129 Va. 452 (106 S. E. 371). Indeed, the Georgia precedents, where the question whether a policeman was an employee or an officer has been considered in actions of tort against municipalities, are uniform that a policeman is a peace officer, whose duties are connected with the public peace, and is a public officer. The deceased policeman in this case was not an employee under contract, express or implied. Under the provision of the act here, the relation of employer and employee must exist in order to sustain the award. Without hesitation, we conclude that the provisions of the workman's compensation act do not include the plaintiff's deceased hus-

band, and the court did not err in setting aside the award made to her by the commission.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*