### 16874.   GOSS *v.* GORDON COUNTY.

JENKINS, P. J.   The term "employee," in section 2 (b) of the workmen's compensation act (Ga. L. 1920, p. 167), which provides that "employee" shall include "every person . . in the service of another under any contract of hire," etc., does not apply to a county policeman elected or appointed by the county, under the Civil Code (1910), § 849 et seq.; since it is not the relation of employer and employee which exists between a county and such a county policeman, but such a county policeman is a public officer.   *Marlow* v. *Mayor &c. of Savannah,* 28 *Ga. App.* 368 (110 S. E. 923) ; *Bunch* v. *Macon,* 29 *Ga. App.* 290, 294 (115 S. E. 40).   Prior to the act of 1914 (Civil Code of 1910, § 849) it was held

Officers, 29 Cyc. p. 1364, n. 28; p. 1365, n. 30.
Workmen's Compensation Acts, C. J. p. 49, n. 52.

that the appointment of such an unauthorized official did not constitute such a person an official. *Herrington* v. *State*, 103 *Ga.* 318 (29 S. E. 931, 68 Am. St. R. 95); *Turner* v. *Fulton County*, 109 *Ga.* 633 (34 S. E. 1024). While the law recognized a difference in the method of amotion of an officer where tenure is prescribed by law and where one holds merely at the pleasure of the governing authorities, in either case, where the office is expressly established or expressly authorized by law, the status of the person elected or appointed to the office legally provided for is that of a public official. See *Burney* v. *Mayor &c. of Boston*, 24 *Ga. App.* 7 (2) (100 S. E. 28).

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 20, 1926.

Appeal; from Gordon superior court—Judge Tarver. August 26, 1925.

*M. B. Eubanks,* for plaintiff.   *J. G. B. Erwin,* for defendant.