## HARTFORD ACCIDENT AND INDEMNITY COMPANY
### *et al. v.* THOMPSON, guardian.

No. 6560.  MARCH 1, 1929.

*E. J. Stoddard* and *T. Elton Drake,* for plaintiffs in error.
*Key, McClelland & McClelland,* contra.

ATKINSON, J.  A person whose only business was that of an officer of a private corporation undertook to construct for himself a building to be used as his residence.  He employed certain persons to supervise the construction, paid for all material and labor, and at spare times would go out to see the work, but took no part in the building operations.  He obtained from an insurance company a policy of insurance affording certain protection for his employees and certain protection for himself in relation to liability to his employees for personal injuries.  One of his employees sustained an injury causing death.  The Industrial Commission of Georgia, acting under the Georgia workmen's compensation act (Ga. Laws 1920, p. 167) as amended by the act of 1925 (Ga. Laws 1925, p. 283), rendered an award against him and the insurance company for certain compensation to be paid to the guardian of the minor children of the deceased employee.  On appeal to the superior court the award was sustained, and on exception the judgment of the superior court was affirmed by the Court of Appeals.

The losing parties, by certiorari, assign error on the judgment of the Court of Appeals. The Court of Appeals held: "The Industrial Commission properly took jurisdiction of the claim for compensation; there was sufficient competent evidence to support the award; and for no reason assigned does the record disclose reversible error." The assignment of error, stated in several forms, makes the point that under the evidence the employer was not an employer, nor was the employee an employee, within the meaning of paragraphs (a) and (b) of section 2 of the original compensation act and section 1 of the amendatory act, supra; and consequently that the Court of Appeals erred in holding that the Industrial Commission had jurisdiction of the claim and that the award was supported by evidence.

It was stated in the opinion by the Court of Appeals that under the evidence neither the employer nor the employee was such within the meaning of the above provisions of the statute. This was in accord with the position of the plaintiffs in error, and would have required a reversal; but the Court of Appeals proceeded further, and stated the following as grounds upon which it based its judgment of affirmance: "However, we think that both Jones and the insurance company are precluded from questioning the right of the commission to take jurisdiction of the case, for the following reasons: The policy under consideration is headed 'Standard Workmen's Compensation and Employer's Liability Policy.' It was primarily intended to cover, and did cover, cases coming under the workmen's compensation law, that law being made a part of the contract 'as fully and completely as if written herein.' 'The premium is based upon the entire remuneration earned, during the policy period, by all employees of this employer engaged in the business operations described in said. declarations, together with all operations necessary, incident or appurtenant thereto.' The insurer notified the commission that it had issued the policy. Nor do we think the fact that the policy also covered injuries cognizable at law changes the situation. The following pertinent language occurs in the award of the full commission: 'We do not understand why an insurance carrier should write a compensation policy, collect the premium, notify the commission that such coverage is in force, and then seek to escape payment on the ground that there is no compensation liability against the em-

ployer for whom the compensation policy was issued. The insurance company tells us that there is a double coverage. Of course there is an agreement on the part of the carrier to defend the employer against any and all suits, but first of all it is a workmen's compensation policy, and compensation must first be applied.' 'Where insurance carrier, with full knowledge of facts, agreed to compensate employees of an administrator for injuries received in a particular employment and received premiums for such insurance, insurer can not question validity of contract between administrator and injured employee, or deny the existence of a master and servant relation between them, either on ground that the administrator was unauthorized to employ labor for the particular purpose, or that the premises were subject to repair by the administrator.' *United States Fidelity &c. Co.* v. *Newton,* 37 *Ga. App.* 70 (4) (139 S. E. 365). See also *Maryland Casualty Co.* v. *Wells,* 35 *Ga. App.* 759 (134 S. E. 788). . . There was sufficient competent evidence in the record to support the award, and for no reason assigned did the judge of the superior court commit reversible error."

It is to this part of the decision, and that part of the judgment giving it effect, to which the assignment of error on certiorari relates. The Industrial Commission of Georgia is not a court of general jurisdiction. It has only such jurisdiction as is conferred by the statute under which it was organized and exists. The claims for compensation over which that body may exercise jurisdiction must be founded on the relation of employer and employee as defined by the statute. The relation of employer and employee as defined by the statute is a jurisdictional fact in all cases addressed to the Industrial Commission. The statute defining that relation follows: "Employers shall include any municipal corporation within the State, and any political division thereof, and any individual, firm, association or corporation engaged in any business operated for gain or profit, except, as hereinafter excepted. . . Employee shall include every person . . except one whose employment is *not in usual course of the trade, business, occupation or profession of the employer."* Ga. Laws 1920, p. 167, sec. 2 (a, b). "This act shall not apply to . . employees *not in the usual course of the trade, business, occupation, or profession of the employer, or not incidental thereto."*

Ga. Laws 1925, p. 282, sec. 1. Relatively to an individual person, the word "employer" as thus used refers to one engaged in business operated for gain or profit, and the word "employee" refers only to persons who are employees "in the usual course of the trade, business, occupation, or profession of the employer or . . incidental thereto." As thus construed the statute does not confer jurisdiction to award compensation for injuries arising out of employment, where, as in this case, the business of the employer is that of an official in a corporation and the employment of the employee is that of constructing a residence for the employer, being a work wholly disconnected from the business of the latter carried on for gain or profit. The authority of a court of limited jurisdiction, in relation to subject-matter over which it may exercise jurisdiction, can be enlarged or extended only by the power creating the court. It can not be done by act or consent of parties. The reasoning by the Court of Appeals as set forth in the foregoing excerpt, and as quoted by that court from the opinion rendered by the Industrial Commission, might state sound doctrine applicable to the merits of a case of which the commission has jurisdiction; but it is inapplicable where the question is as to the jurisdiction of the commission to deal with a particular subject-matter. Where under the facts the matter involved is not within the jurisdiction, but the commission nevertheless renders an award fixing compensation, the award is without evidence to support it, not because the claim is an unjust one, but because the commission has not jurisdiction to make the award. The Court of Appeals erred in so far as it affirmed the judgment of the trial court.

*Judgment reversed. All the Justices concur.*