CITY OF MACON *v.* WHITTINGTON.

No. 7646. November 15, 1930. Rehearing denied January 22, 1931.

*E. W. Maynard, Arthur Lewis,* and *J. E. Hall Jr.,* for plaintiff in error.

*John J. McCreary,* contra.

Hill, J. The Court of Appeals requested instruction from the Supreme Court upon the following question, an answer to which is necessary to a decision of the case: "Where a person, at the time of his death on December 23, 1927, was a member of the fire-department of the City of Macon, Georgia, and was killed in the discharge of his duties as such, and where his service or employment was subject to the civil-service rules and regulations as provided for and contained in sections 57 and 58 of the act of August 3, 1927, amending the charter of the City of Macon and consolidating previous acts creating and amending the charter (Ga. L. 1927, pp. 1283 to 1357), and subject also to other provisions of that act, especially those contained in sections 59 to 70, inclusive; and where it does not appear that by any additional civil-service rules or regulations adopted by the mayor and council, or by any other rule or ordinance, his status was defined as being that either of an officer or of an employee, or that any power or duties had been in any way conferred by the municipal authorities upon firemen beyond those

ordinarily incident to members of a municipal fire-department; and where there were no other facts to indicate whether the fireman was an officer or was an employee, was the industrial commission of this State, in passing upon a claim for compensation for his death, authorized to find that the fireman so killed was an employee within the meaning of section 2(b) of the act of August 17, 1920, known as the workmen's compensation act (Ga. L. 1920, p. 167) ?"

In answering, we are confined to the question as asked, and can not be aided by the entire record in the case. The provisions of the workmen's compensation acts of the various States of the Union are not uniform, and therefore the outside decisions are of little value. The Supreme Court of this State has not decided the exact question, and the decisions of other courts are not controlling. Our workmen's compensation act of 1920 (Ga. L. 1920, p. 167, § 2(b)), provides: "'Employee' shall include every person, including a minor, in the service of another under any contract of hire or apprenticeship, written or implied, except one whose employment is not in the usual course of trade, business, occupation, or profession of the employer, and except as hereinafter set out." The act of 1927, reenacting and amending the charter of Macon, so far as deemed applicable, is as follows (sections 57 and 58) : "The said two departments and the members thereof shall be governed and controlled by and under civil-service rules and regulations adopted by the mayor and council, which said rules and regulations shall be subject to repeal, amendment, modification, or addition by the said mayor and council aforesaid, in their discretion, save and except that no rule, regulation, resolution, ordinance, or practice shall be adopted which is in conflict with the civil-service rules and regulations contained in this act." "The following civil-service rules and regulations for the regulation, government, and control of the said two departments shall be of force :

"Rule 1. No employee shall be given or refused employment, suspended, tried, or discharged, because of his vote in any primary or election.

"Rule 2. No employee shall take an active part in any primary or election, and all employees are hereby prohibited from contributing any money to any candidate, soliciting votes, or prominently identifying themselves in a political race with or against any candidate for office.

"Rule 3. A speedy and public trial shall be given an employee under charges or suspension.

"Rule 4. No employee shall be discharged until after trial, or opportunity therefor.

"Rule 5. No employee shall be suspended for a period exceeding fifteen days without an opportunity for trial, unless such trial can not be had for cause beyond control of the committee, or at the instance of the employee, in either of which events the committee may continue in force any previous suspension of such employee pending trial.

"Rule 6. All qualifications being equal, promotion shall be from the ranks if compatible with the public interest, to be judged of by the committee, or by the mayor and council.

"Rule 7. No employee shall be discharged if acting in obedience to a lawful order or command of a superior officer.

"Rule 8. No employee shall be suspended, tried, or discharged for enforcing the ordinances of the city or for preferring charges for their violation.

"Rule 9. Upon the trial of any employee he shall be confronted with the witnesses against him; he may cross-examine said witnesses against him, and be represented by counsel in his discretion; except that sworn depositions of any witnesses may be used in any trial as hereinafter provided.

"Rule 10. The right of petition to the mayor and council is hereby granted each employee, and to the two departments.

"Rule 11. All charges against an employee shall be written, and sufficiently specific to enable him to intelligently defend the same, but the decision of the committee on objections made to the sufficiency of such charges shall be final.

"Rule 12. All civil-service rules and regulations, before becoming effective, shall be communicated to both departments in a manner prescribed by the mayor and council.

"Rule 13. The right of appeal from the decision of either committee to the mayor and council is hereby granted each employee.

"Rule 14. No person shall be eligible to election to either department who is over the age of forty years; provided, that this rule shall not apply to the office of chief.

"Rule 15. If a suspension made without pay be not finally sustained, the employee shall be immediately restored to his original

position and duties; provided, however, in no event shall the City of Macon be liable to such employee for compensation for time lost by reason of such suspension, unless so determined by the committee.

"Rule 16. The mayor shall be the ranking head and chief in command of both departments."

Under these acts, where there were no other facts to indicate whether the fireman killed was an *officer* or an *"employee"* of the City of Macon, was the industrial commission of this State authorized to find that the fireman killed was an *employee* within the meaning of the act of 1920, supra? In *Marlow* v. *Savannah,* 28 *Ga. App.* 368 (110 S. E. 923), the Court of Appeals held as follows: "The term 'employee' in section 2(b) of the workmen's compensation act (Ga. L. 1920, p. 167), which provides that 'employee' shall include 'every person . . in the service of another under any contract of hire,' etc., does not apply to a policeman of a municipality. The relation of employer and employee does not exist between a municipality and a policeman, so as to create a liability and benefits under the act; for a policeman is a public officer. . . Under the agreed statement of facts in this case, the court did not err in holding that a policeman of the City of Savannah is not an employee under a contract, express or implied, and in reversing and setting aside the award against the Mayor and Aldermen of the City of Savannah by the commission acting under the workmen's compensation act." And see *City of Macon* v. *Bunch,* 156 *Ga.* 27 (118 S. E. 769). Does a fireman stand in the same category as a policeman, under the workmen's compensation act of 1920, supra? The Supreme Court of Connecticut, in a well-considered and elaborate opinion, delivered through Gager, J., construing an act very similar to our own, held: "A regularly appointed member of a city fire department is not an employee of the city within the meaning of a workmen's compensation act which requires a contract relationship of employer and employee in order to bring an injured employee within its provisions. . . If a workmen's compensation act is broader or narrower than a sound public policy requires, the remedy lies with the legislature, not with courts. . . A member of a city fire department who secures his position by appointment is an officer, and not an employee of the city." McDonald *v.* New Haven, 94 Conn. 403 (109 Atl. 176, 10

A. L. R. 193, 201, with annotations). It is true that in accordance with the suggestion of the court in the second headnote of the McDonald case, supra, the legislature of Connecticut did so amend its definition of employees as to specifically include "any salaried officer or paid member of any police department, or *fire department,* of any municipal corporation in the State, irrespective of the manner in which he is appointed or employed." See section 5388 Conn. statutes. The decision in the McDonald case, supra, goes very fully into the workmen's compensation acts of other States, and reviews the decisions of the courts of last resort in those States, and a careful reading of that well thought-out decision, convinces us of its soundness on principle, as well as on the authorities cited to support the court's conclusion. We think that the reasoning in the McDonald case is sound, and that the decision in the *Marlow* case, supra, is applicable to the instant case. *Cornelisen* v. *Atlanta,* 146 *Ga.* 416, 418 (91 S. E. 415).

Therefore the question as asked by the Court of Appeals should be answered in the negative.                 *All the Justices concur.*

ON MOTION FOR REHEARING.

HILL, J. A portion of the workmen's compensation act of Connecticut, as embodied in the General Statutes of that State (1918, § 5388), provides that "'Employee' shall mean any person who has entered into or works under any contract of service or apprenticeship with an employer, whether any such contract contemplated the performance of duties within or without the State." The decision in McDonald *v.* New Haven, supra, was based upon a construction of the section just quoted. The Georgia workmen's compensation act of 1920 (Ga. L. 1920, p. 167, sec. 2(b)), provides that "'Employee' shall include every person, including a minor, in the service of another under any contract of hire or apprenticeship, written or implied," etc. The language of the two acts is substantially the same; and if the decision in the McDonald case is sound, as we think it is, then on principle it is applicable to our workmen's compensation act; and that being so, we arrive at the same conclusion as reached when the present case was decided.

The act of 1925 (Ga. L. 1925, p. 191, 12 Park's Code Supp. 1926, § 913(zz), Michie, § 913(17)), cited on the motion for rehearing, and which provides that "the word 'fireman,' as used in this act, shall be construed to mean those persons employed by

any city affected by this act in any work connected with the prevention and extinguishing of fires in said cities by the municipal government," is not controlling of the question decided in this case. Upon review of the decision rendered in this case, the motion for rehearing is denied.