## PARKER *v.* TRAVELERS INSURANCE COMPANY *et al.*

No. 8296. FEBRUARY 27, 1932. REHEARING DENIED MARCH 5, 1932.

*DeFoor & Harclerode,* for plaintiff.

*McDaniel, Neely & Marshall* and *Harry L. Greene,* for defendant.

ATKINSON, J. The Court of Appeals certified certain questions for decision by the Supreme Court.

■ Question 1: "Is a policeman of a municipality an employee of the municipal corporation, within the meaning of section 2(b) of the workmen's compensation act (Acts 1920, p. 167)? See, in

this connection, *City of Macon* v. *Whittington,* 171 *Ga.* 643; *Marlow* v. *Mayor &c. of Savannah,* 28 *Ga. App.* 368." By the language of the statute, employees as therein defined must be such under "contract of hire or apprenticeship." (Ga. Laws 1920, p. 167, sec. 2(b). A policeman is not such an employee, but is a public officer whose duties relate to the governmental functions of a municipality, and for whose torts while exercising such functions the municipality is not liable. In *Cornelisen* v. *Atlanta,* 146 *Ga.* 416, 418 (91 S. E. 415), it was said: "This construction would leave intact the common-law doctrine, frequently applied in this State before and since adoption of the Code, of non-liability for conduct of officers, agents, and servants of municipal corporations in respect to duties devolving upon them in virtue of the sovereign or governmental functions of the municipality. This doctrine has been applied in *Love* v. *City of Atlanta,* 95 *Ga.* 129 (22 S. E. 29, 51 Am. St. R. 64), a case based on negligence of the driver of a garbage cart in the employment of the board of health; *Watson* v. *City of Atlanta,* 136 *Ga.* 370 (71 S. E. 664), a case based on negligence of the driver of an ambulance for a city hospital; *Rogers* v. *City of Atlanta,* 143 *Ga.* 153 (84 S. E. 555), a case based on negligence of a fireman in cutting a hole in a floor while engaged in extinguishing a fire, and into which the plaintiff stepped; *Mayor &c. of Savannah* v. *Jordan,* 142 *Ga.* 409 (83 S. E. 109, L. R. A. 1915C, 741, Ann. Cas. 1916C, 240), a case based on negligence of an inspector of the sanitary department in furnishing the driver of a garbage cart of the city with a defective vehicle, the axle of which broke and injured the driver. In those instances the duty was purely of a public nature, intended for the benefit of the public at large, without any pretense of private gain to the municipality; and because it was such, no liability would attach, as a general rule." In *City of Macon* v. *Whittington,* 171 *Ga.* 643 (156 S. E. 674), it was held: "Where a person, at the time of his death on December 23, 1927, was a member of the fire-department of the City of Macon, Georgia, and was killed in the discharge of his duties as such, and where his service or employment was subject to the civil-service rules and regulations as provided for and contained in sections 57 and 58 of the act of August 3, 1927, amending the charter of the City of Macon and consolidating previous acts creating and amending the charter (Ga. L. 1927, pp. 1283-

1357), and subject also to other provisions of that act, especially those contained in sections 59 to 70, inclusive; and where it does not appear that by any additional civil-service rules or regulations adopted by the mayor and council, or by any other rule or ordinance, his status was defined as being that either of an officer or of an employee, or that any power or duties had been in any way conferred by the municipal authorities upon firemen beyond those ordinarily incident to members of a municipal fire-department; and where there were no other facts to indicate whether the fireman was an officer or was an employee, the industrial commission of this State, in passing upon a claim for compensation for his death, was not authorized to find that the fireman so killed was an employee within the meaning of section 2(b) of the act of August 17, 1920, known as the workmen's compensation act."

In *Marlow* v. *Savannah, 28 Ga. App.* 368, 371 (110 S. E. 923), it was said: "The sole question presented here for determination is whether this policeman was an employee or a public officer. The Supreme Court of Appeals of Virginia, upon a statute almost identical with the Georgia act, has held that a policeman is a public officer, and not such an employee as is contemplated by the act. Mann *v.* City of Lynchburg, 129 Va. 453 (106 S. E. 371). Indeed, the Georgia precedents, where the question whether a policeman was an employee or an officer has been considered in actions of tort against municipalities, are uniform that a policeman is a peace officer, whose duties are connected with the public peace, and is a public officer. The deceased policeman in this case was not an employee under contract, express or implied. Under the provision of the act here, the relation of employer and employee must exist in order to sustain the award." The first question propounded by the Court of Appeals is answered in the negative.

■ Question 2: "Is the existence of the relation of employer and employee, within the meaning of section 2(b) of the workmen's compensation act, necessary in order to confer upon the industrial commission jurisdiction to entertain a claim for compensation in any and all cases?" This question is answered in the affirmative. The Industrial Commission is a statutory body whose jurisdiction is limited to the matters expressed in the act. The jurisdiction is not extended to any claim for compensation that is not founded on the relation of employer and employee. In

*Gravitt* v. *Georgia Casualty Co.,* 158 *Ga.* 613, 618 (123 S. E. 897), it was said: "The Georgia Industrial Commission is not a court of general jurisdiction, nor even of limited common-law jurisdiction, but it is an industrial commission, made so by express terms of the act of the legislature, to administer its provisions as provided therein. As such administrative commission it possesses only such jurisdiction, powers, and authority as are conferred upon it by the legislature, or such as arise therefrom by necessary implication to carry out the full and complete exercise of the powers granted." In *Hartford Accident &c. Co.* v. *Thompson,* 167 *Ga.* 897, 899 (147 S. E. 50), it was said: "The claims for compensation over which that body may exercise jurisdiction must be founded on the relation of employer and employee as defined by the statute." In *Marlow* v. *Savannah,* supra, it was said: "Under the provision of the act here, the relation of employer and employee must exist in order to sustain the award." In *United States Fidelity &c. Co.* v. *Watts,* 35 *Ga. App.* 447, 452 (133 S. E. 476), it was said: "The claimant was not entitled to compensation unless he was an employee."

■ The next two questions will be considered together. Question 3 is: "If question 2 be answered in the affirmative, would a municipal corporation coming under the provisions of the workmen's compensation act (in this respect differing from the status of the parties set forth in *Hartford Accident & Indemnity Co.* v. *Thompson,* supra), be, by reason of insuring the payment of compensation as provided by the act to any officer or official not occupying the legal status of an employee, estopped to deny that the relation of employer and employee existed between it and such officer or official?" Question 4 is: "If question 2 be answered in the affirmative, and question 3 be answered in the negative, would the insurance carrier, insuring the payment of compensation as provided by the act to any officer or official not occupying the legal status of an employee, be estopped, by reason of the issuance of such policy of insurance and the acceptance of premiums thereon, including premiums based upon the salary or wages paid to such officer or official, to deny that the relation of employer and employee existed between such municipal corporation and any such officer or official? See, in this connection, *Maryland Casualty Co.* v. *Wells,* 35 *Ga. App.* 759 [134 S. E. 788]; *Employers Liability*

*Assurance Corp.* v. *Henderson,* 37 *Ga. App.* 238 [139 S. E. 688]." In 15 C. J. 809, § 105, it is stated: "Jurisdiction of the subject-matter can not be based on an estoppel of a party to deny that it exists." On page 802, § 101, of the same volume it is stated: "It is not within the power of litigants to invest a court with any jurisdiction or power not conferred on it by law; and accordingly it is well established, as a general rule, that where the court has not jurisdiction of the cause of action or subject-matter involved in a particular case, such jurisdiction can not be conferred by consent, agreement, or waiver." In *Hartford Accident &c. Co.* v. *Thompson,* supra, it was said: "The authority of a court of limited jurisdiction, in relation to subject-matter over which it may exercise jurisdiction, can be enlarged or extended only by the power creating the court. It can not be done by act or consent of parties. The reasoning by the Court of Appeals as set forth in the foregoing excerpt, and as quoted by that court from the opinion rendered by the Industrial Commission, might state sound doctrine applicable to the merits of a case of which the commission has jurisdiction; but it is inapplicable where the question is as to the jurisdiction of the commission to deal with a particular subject-matter. Where under the facts the matter involved is not within the jurisdiction, but the commission nevertheless renders an award fixing compensation, the award is without evidence to support it, not because the claim is an unjust one, but because the commission has not jurisdiction to make the award." Questions 3 and 4 are answered in the negative.

*All the Justices concur except Russell, C. J., and Hines, J., who dissent.*

RUSSELL, C. J. The general rule is well settled that an insurer is estopped to deny its liability to perform an insurance contract assumed with knowledge of all material facts affecting its risk, and upon which it received payment of premiums. There is, in my opinion, no good reason which can be sustained either in law or equity, upon which an insurer who voluntarily insures even an officer of a municipal corporation—but whom the insurer treats as an employee, and collects the premium from him as an employee, can thereafter mend his hold and assert, when he is about to be subjected to pay the sum for which he has been receiving premiums, that the insured is no longer an employee, but has become

an officer. The Industrial Commission has jurisdiction of the claims of employees. In the circumstances stated in the question, the insurance carrier should not be heard to assert that the claimant is not an employee.

HINES, J. The existence of the relation of employer and employee, within the meaning of section 2(b) of the workmen's compensation act of this State, is generally necessary in order to confer upon the Industrial Commission authority to award compensation under that act. Acts 1920, p. 167; *Hartford Accident &c. Co.* v. *Thompson,* 167 *Ga.* 897; *City of Macon* v. *Whittington,* 171 *Ga.* 643; *Marlow* v. *Savannah,* 28 *Ga. App.* 368 (supra); *U. S. Fidelity &c. Co.* v. *Watts,* 35 *Ga. App.* 447 (133 S. E. 476). A policeman is an officer and not an employee of a municipality, within the meaning of section 2(b) of the workmen's compensation act. *Marlow* v. *Savannah,* supra; *Goss* v. *Gordon County,* 35 *Ga. App.* 325 (133 S. E. 68). This ruling is in accordance with the decisions of courts in other jurisdictions in this country. *Blynn* v. *Pontiac,* 185 Mich. 35 (151 N. W. 681); *Chicago* v. *Industrial Comm.,* 291 Ill. 23 (125 N. E. 705); *Shelmadine* v. *Elkhart,* 75 Ind. App. 493 (129 N. E. 878); *Griswold* v. *Wichita,* 99 Kan. 502 (162 Pac. 276); *Hall* v. *Shreveport,* 157 La. 589 (102 So. 680); *Rooney* v. *Omaha,* 105 Neb. 447 (181 N. W. 143); *Ryan* v. *New York,* 228 N. Y. 16 (126 N. E. 350); *Ogilvie* v. *Des Moines,* (Iowa), 233 N. W. 526. The decision that a policeman is an officer and not entitled to compensation under our workmen's compensation act states the general rule of force in this State. So if a municipality insures its employees generally, without naming policemen as employees, the policeman can not be awarded compensation under our compensation act as an employee of the municipality. This is so for the reason that policemen do not fall within the designation and meaning of employees.

But there is an exception to this general principle. Where an insurance company insures a city under the workmen's compensation act, and the policy expressly covers policemen employed by the city, and the salaries of the policemen are taken into consideration in fixing the premiums, a policeman, in so far as the insurance company is concerned, is an employee of the city and is entitled to compensation under the policy. *Maryland Casualty Co.* v. *Wells,* 35 *Ga. App.* 759 (supra). That decision was followed by the

Court of Appeals in *Employers Liability Assurance Corp.* v. *Henderson,* 37 *Ga. App.* 238 (supra). The insurer, by treating the claimant as an employee and including his salary in the payroll as a basis for the premium, is not in a position to deny that he was an employee. Kennedy v. Kennedy Mfg. &c. Co., 177 App. Div. 56 (163 N. Y. Supp. 944). This court has held that a city fireman is not an employee within the meaning of the workmen's compensation act. *City of Macon* v. *Whittington,* supra. Where the insurance carrier intended that the policy should cover city firemen, their salaries being considered in fixing the premiums received, and the insurer prepared the report of the fireman's death to be filed with the industrial board, and also a compensation agreement between the city and the fireman's dependents, which was approved by the board and paid, the fireman was an employee of the city in so far as the insurer was concerned. Frankfort General Ins. Co. v. Conduitt, 74 Ind. App. 584 (127 N. E. 212). In Columbia Casualty Co. v. Industrial Comm., 200 Wis. 8 (227 N. W. 292), it was held that an insurance carrier was estopped to claim that the secretary and treasurer of a corporation, who owned 70 per cent. of its capital stock, was not entitled to compensation as an employee for injuries sustained while performing services growing out of and incidental to employment under the workmen's compensation act of that State, where the policy provided that the premium was based on the remuneration of officers actually performing duties ordinarily undertaken by the superintendent, foreman, or workmen, and the salary of the secretary and treasurer was included in the aggregate on which the premium was finally based. In Kocher v. Kocher's Estate, 300 Pa. 206 (150 Atl. 468), it was held that where the insurer's agent, knowing that a widow was operating business in the name of her deceased husband, delivered to the widow a policy naming her husband as the insured, the insurer was estopped from denying that an injured servant was the employee of the widow, and that for this reason he was not entitled to recover compensation under the policy made payable to her deceased husband. This doctrine is in accordance with a principle which applies in other branches of insurance and which holds that the insurer is estopped from setting up facts which would render a policy void, if he had knowledge of the facts at the time he issued the insurance and received the premium charged therefor.

I can see no valid reason why, where an insurance carrier insures a city under the workmen's compensation act, and the policy expressly covers policemen employed by the city, and the salaries of the policemen are taken into consideration in fixing the amount of the premium, the policemen, in so far as the insurance company is concerned, should be held not to be employees of the city and not entitled to compensation under the policy. This would be in no sense an enlargement of the jurisdiction of the Industrial Commission by agreement between the parties. I agree fully with the proposition that the jurisdiction and authority of the Industrial Commission can not be enlarged by any agreement between employers and employees. The jurisdiction of the commission is to award compensation to employees under the workmen's compensation act. Certainly the commission had in this case jurisdiction to determine whether the claimant was entitled to compensation under the act. It had jurisdiction to determine whether the claimant was not entitled to compensation for the reason that he was not an employee. If it found that the claimant was not an employee, it could determine whether the insurance carrier was estopped from asserting that fact, and whether the insured employee should not be treated, so far as the insurance carrier was concerned, as an employee of the city. The insurance carrier having insured the policeman expressly as an employee of the city, and having received and retained the premium paid for such insurance, the policeman should be treated as an employee so far as the insurance carrier is concerned; and the insurance carrier will not be heard to deny that the policeman is not an employee of the city.

For the foregoing reasons I dissent from the rulings stated in divisions 2, 3, and 4 of the opinion of the majority, and from the result reached.