NEW AMSTERDAM CASUALTY COMPANY *v.* GRINER *et al.*

No. 8919.   DECEMBER 13, 1932.

70

*James S. Bussey Jr.*, for plaintiff in error.

*W. Inman Curry* and *Hull, Barrett & Willingham*, contra.

BELL, J. Under the decision in *Parker* v. *Travelers Insurance Co.*, 174 *Ga.* 525 (163 S. E. 159), the question propounded by the Court of Appeals, as set forth above, must be answered in the negative. If, as was held in that case, the insurance carrier would "not be estopped, by reason of the issuance of such policy of insurance and the acceptance of premiums thereon, including premiums based upon the salary or wages paid to such officer or official, from denying that the relation of employer and employee existed between such municipal corporation and any such officer or official," it necessarily follows that the employee would not be estopped to deny the existence of such relation because he has accepted compensation from the insurance carrier. It is a poor rule that will not work both ways. The payment of compensation by the insurance car-

rier was entirely voluntary so far as the compensation act was concerned, and the fact of payment did not in anywise render this statute applicable. The amendment of August 16, 1922, as quoted in the question, confers the right of subrogation only in cases where compensation is payable under the act. Under the facts stated, there was no relation of employer and employee between the city and its police officer, and the compensation statute was not applicable for any purpose. See, in this connection, *Atlantic Ice & Coal Corporation* v. *Wishard,* 30 *Ga. App.* 730 (119 S. E. 429); Hornburg *v.* Morris, 163 Wis. 31 (157 N. W. 556). The attorney for the insurance carrier cited several cases from other jurisdictions in support of the claim of subrogation; but each of these cases was predicated upon the proposition that the parties were subject to the compensation act, and hence none of them can shed light upon the present controversy. We conclude that under the question as certified the insurance carrier was not entitled to indemnity from the tort-feasor, and was not subrogated to the right of the injured policeman to recover damages from such wrong-doer. An additional question was propounded by the Court of Appeals, but instructions were not desired in answer to that question unless the foregoing question should be answered in the affirmative.

*All the Justices concur, except Russell, C. J., and Bell, J., who dissent.*

BELL, J., dissenting. The decision in *Parker* v. *Travelers Insurance Co.,* 174 *Ga.* 525 (supra), is controlling upon the question to be answered if the rulings made in that case are adhered to. That was not a full-bench decision, however, and is not absolutely binding as authority. The writer, though having prepared the decision for the majority in the present case, is of the opinion that the views expressed by the Justices who dissented in the *Parker* case represent the more reasonable doctrine. Chief Justice Russell joins in this dissent.