21605. NEW AMSTERDAM CASUALTY COMPANY *v.* GRINER *et al.*

BROYLES, C. J. 1. "Where a municipality voluntarily carries compensation for the benefit of its employees, and the policy expressly covers policemen employed by the city, and the salaries of the policemen are taken into consideration in fixing the premium on the policy, and where a policeman employed by the city is injured in an accident arising out of and in the course of his employment and under circumstances creating liability against a third person to pay damages therefor, and where the policeman subsequently accepts from the insurance carrier compensation and medical treatment under the policy, these facts do not entitle the insurance carrier to indemnity from the person so liable to pay damages as a tort-feasor, nor subrogate it to the right of the injured policeman to recover damages from such wrongdoer."

2. The foregoing ruling was made by the Supreme Court in answer to a question certified by this court. For the full decision of the Supreme Court see *New Amsterdam Casualty Co.* v. *Griner,* 176 *Ga.* 69 (166 S. E. 864). Under that ruling and the facts of the case, the trial court did not err in disallowing the amendment to the petition, offered by the New Amsterdam Casualty Company, or in striking that company as a party plaintiff in the case, or in ordering that the action proceed with John R. Griner as the sole plaintiff against T. F. Roesel Sr. as defendant.

*Judgment affirmed. Hooper and MacIntyre, JJ., concur.*

DECIDED DECEMBER 31, 1932.

*James S. Bussey Jr.,* for plaintiff.
*W. Inman Curry, Hull, Barrett & Willingham,* for defendants.