23936. CITY COUNCIL OF AUGUSTA *et al. v.* REYNOLDS.

JENKINS, P. J. 1. "The existence of the relation of employer and employee, within the meaning of section 2 (b) of the workmen's compensation act, is necessary in order to confer upon the industrial commission jurisdiction to entertain a claim for compensation in any and all cases." *Parker* v. *Travelers Ins. Co.*, 174 *Ga.* 525 (2) (163 S. E. 159, 81 A. L. R. 472) ; *Gravitt* v. *Georgia Casualty Co.*, 158 *Ga.* 613, 618 (123 S. E. 897) ; *Hartford Accident &c. Co.* v. *Thompson*, 167 *Ga.* 897, 899 (147 S. E. 50).

2. In *City of Macon* v. *Whittington*, 171 *Ga.* 643 (156 S. E. 674), it was held that a member of the city fire department, subject to civil-service rules under the local act of 1927 (Ga. L. 1927, pp. 1283-1357), which referred to the city's policemen and firemen as "employees" in the rules provided in the statute, was a public officer and not an employee within the meaning of section 2 (b) of the workmen's compensation act. In *Parker* v. *Travelers Ins. Co.*, supra, adhered to in *New Amsterdam Casualty Co.* v. *Griner*, 176 *Ga.* 69 (166 S. E. 864), it was held that a city policeman is a public officer and not an employee within the intent of that section. Under these rulings and the undisputed facts of this case, the claimant, a member of the fire department of the city of Augusta, was not an employee within the scope of the workmen's compensation act.

3. Jurisdiction can not be conferred upon a court or administrative body, such as the department of industrial relations, by the agreement or consent, past or present, of the parties, where jurisdiction over the subject-matter of the claim or controversy does not actually exist. See Civil Code (1910), § 5663; *Thomas* v. *Calhoun National Bank*, 157 *Ga.* 475 (121 S. E. 808); *American Bakeries Co.* v. *Griffin*, 174 *Ga.* 115 (162 S. E. 513). Accordingly, where the City of Augusta and the instant claimant, a member of its fire department, made a written agreement for the payment of a stipulated weekly compensation to the claimant as an "employee" for his temporary total disability, and the Department of Industrial Relations made an award confirming the agreement, without any question being presented as to whether the claimant was *actually* an employee or an officer of the city, and the claimant, after the conclusion of the payments under such agreement and award, filed a new application to the department for additional compensation to cover a permanent partial loss of use of his left hand resulting from the original injury; and where, under the undisputed facts presented at the hearing of the second claim, and the foregoing rulings, the claimant was *actually* a public officer and not an employee of the city within the intent of the compensation act, it was error for the department to take jurisdiction of the new and additional claim, and to award compensation to the claimant thereon, and it was error, on appeal, to affirm such award. The first award, although not appealed from, constituted no estoppel by judgment or res adjudicata against the city to insist upon the absence of jurisdiction in the department to adjudicate the second claim, where as a matter of law under the undisputed facts the department was actually without jurisdiction of the subject-matter. Nor could the agreement of the city, preceding the first award, to pay compensation to the claimant as an "employee" operate, as a conclusive admission, to confer upon the department a jurisdiction which did not actually exist, since jurisdiction could not be thus imposed by implied consent any more than by the express consent of the city. No question arising as to the legality of the concluded payments made under the agreement and first award, it is unnecessary to consider their validity.

4. The instant case, with respect to the contention of estoppel against the city and the insurance carrier, is controlled by the decision in the *Parker* case, supra, that neither party would be estopped from denying that the relation between the city and the claimant was that of employer and employee, by reason of the issuance, maintenance, and payment of premiums of an employees' compensation insurance policy, which included or was based in part upon the claimant's position and salary as a city fireman. This rule as applicable to this case would not be affected by the act approved March 24, 1933, amending section 71 of the workmen's compensation act of 1920, and providing that "an insurer who issues a policy of compensation insurance to an employer not subject to this act shall not plead as a defense that the employer is not subject to the act; and an insurer who issues to an employer subject to the act a policy of compensation insurance covering an employee or employees ordinarily exempt from its provisions shall not plead the exemption as a defense," but that "in either case compensation shall be paid to an injured em-

484

ployee or to the dependent of a deceased employee for a compensable accident as if the employer and/or the employee were subject to the act, the policy of compensation insurance constituting a definite contract between all parties concerned." In *Maryland Casualty Co.* v. *Sanders*, 49 *Ga. App.* 600 (176 S. E. 104), this court applied the amendatory act to an insurance carrier and held that it would be estopped to plead that an employer was not subject to the original compensation act, although the injury occurred before the date when the amendatory act was approved. But there, as the decision and record clearly show, "the *hearing* . . was had *after the approval of the act.*" In the instant case, however, the amendatory act and the *Sanders* case are not applicable, and the rule in the *Parker* case as to estoppel controls. Irrespective of whether or not the amendatory act relating to "employees" should be properly construed to cover persons who in law and fact are public officers, and not merely actual employees as defined by the original compensation act, who by other language, are "merely exempt from its provisions," and irrespective of whether or not if the benefits of an insurance policy should be thus extended to public officers, it would render the amendatory act an ex post facto law or an impairment of the obligations of the insurance contract, these questions are not here involved, and the insurance carrier and the city were not precluded from pleading that the claimant was a public officer and not an employee, since the record shows not only that the injury occurred and the policy was issued before the date of approval of the amendatory act, but that the hearing was had, the jurisdictional question raised, and the evidence taken, all prior to such approval.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 2, 1935.

*Bussey & Fulcher,* for plaintiff in error.
*Isaac S. Peebles Jr.,* contra.