25014.   EDWARDS *v.* MAYOR &c. OF MILLEDGEVILLE.

289

DECIDED DECEMBER 16, 1935.

*McCullar & McCullar*, for plaintiff.

*Hines & Carpenter*, for defendant.

SUTTON, J. 1. The Court of Appeals and not the Supreme Court has jurisdiction of this case. A constitutional question not raised in the trial court will not be considered by the Supreme Court. See *Edwards* v. *Milledgeville*, 180 *Ga.* 725 (180 S. E. 612).

2. The Mayor and Aldermen of the City of Milledgeville "shall have power and authority to elect two or more policemen or marshals, one of whom shall be chief of police or chief marshal, . . and such other officers as the necessities of the city may demand. They may prescribe the duties of said officers and fix their salaries. The terms of office of said officers shall be one year from their election; provided, their successors have been elected and qualified. The mayor or mayor pro tem. may appoint such extra policemen as may be necessary in case of emergencies, and said extra policemen shall receive such compensation as may be fixed by the mayor and aldermen. Either of said officers may be dismissed from the office at any time by a two-thirds vote of the mayor and aldermen. And all of them shall take oath to faithfully perform the duties of their respective offices, and give bond and security as may be required by the mayor and aldermen." Ga. L. 1900, p. 350, sec. 22, as amended by act of 1916 (Ga. L. 1916, p. 819). A policeman of Milledgeville, elected or appointed pursuant to the above-quoted charter provisions, is an officer of the municipality, and not an employee. *Marlow* v. *Savannah*, 28 *Ga. App.* 368, 371 (110 S. E. 923); *Bunch* v. *Macon*, 29 *Ga. App.* 290, 294 (115 S. E. 40); *Goss* v. *Gordon County*, 35 *Ga. App.* 325 (133 S. E. 68); *Maryland Casualty Co.* v. *Wells*, 35 *Ga. App.* 759 (134 S. E. 788); *City Council of Augusta* v. *Reynolds*, 50 *Ga. App.* 482 (178 S. E. 485); *City of Macon* v. *Whittington*, 171 *Ga.* 643 (156 S. E. 674); *Parker* v. *Travelers Insurance Co.*, 174 *Ga.* 525 (163 S. E. 159, 81 A. L. R. 472); *New Amsterdam*

*Casualty Co.* v. *Griner,* 176 *Ga.* 69 (166 S. E. 864) ; Note in 81 A. L. R. 478. A policeman of Milledgeville, elected pursuant to the above-quoted charter authority, "may be dismissed from the office at any time by a two-thirds vote of the mayor and aldermen," under the terms of the same charter ; and when he is so dismissed or discharged, even without cause, he is not entitled to his salary for the remainder of the term for which he was elected. *Coleman* v. *Glenn,* 103 *Ga.* 458, 460 (30 S. E. 297, 68 Am. St. R. 108) ; *Wright* v. *Gamble,* 136 *Ga.* 376 (71 S. E. 795, 35 L. R. A. (N. S.) 866, Ann. Cas. 1912C, 372) ; *Lentz* v. *Augusta,* 48 *Ga. App.* 555, 556 (173 S. E. 406) ; *City Council of Augusta* v. *Sweeney,* 44 *Ga.* 463 (9 Am. R. 172). This is not the case of an employee of a municipality under contract of employment, or of an officer elected for a term fixed by statute, who can be removed from office only for cause and on notice and hearing. See *Burney* v. *Boston,* 24 *Ga. App.* 7 (100 S. E. 28) ; *Elliott* v. *Augusta,* 49 *Ga. App.* 568 (176 S. E. 548).

3. The petition brought by the former night policeman of Milledgeville against the mayor and aldermen, seeking to recover salary for the remainder of the term for which he was elected to serve, and before the expiration of which he was dismissed by the mayor and aldermen without notice, hearing, or just cause, shows on its face that the plaintiff was an officer of the city, elected by the city authorities under the above-quoted charter power ; and that the city officials had the right to dismiss him from service without cause or notice before the expiration of his term, without giving rise to a cause of action against them for a breach of any contract of employment. Therefore such petition was subject to be dismissed, on motion in the nature of a general demurrer, after the first term. The court did not err in dismissing the action.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*