30289. CITY OF ATLANTA *v.* BAILEY.

DECIDED FEBRUARY 19, 1944. REHEARING DENIED MARCH 2, 1944.

*J. C. Savage, E. L. Sterne, J. C. Murphy, Bond Almand,* for plaintiff in error. *T. E. Whitaker,* contra.

PARKER, J. Mrs. Mildred M. Bailey filed a claim with the Industrial Board (now the State Board of Workmen's Compensation), for compensation under the workmen's compensation act for the death of her husband alleged to have arisen out of and in the course of his employment as a guard at the prison farm maintained by the City of Atlanta. From the evidence adduced it appears without dispute that the deceased, on April 23, 1943, while on duty as alleged, sustained an accident which resulted in his death. The city admitted that the weekly wages were $26.40; but denied liability on the ground that the claimant's husband was not an "employee" within the meaning of the workmen's compensation act, but was engaged in the enforcement of the penal ordinances of the city as a special officer, and as such came within the classification of those exempt from the provisions of said laws. It appears from the evidence introduced before the hearing director, who was the chairman of the board, that the deceased was appointed as a special officer on July 10, 1942, that he took the required oath and was issued a card evidencing his commission, which expired December 31, 1942. There was evidence that the appointment continued, but that he had not called for his card renewing his commission. There was evidence for the claimant to the effect that the guards at the prison farm did not carry guns, had no authority to make arrests, did not belong to the Police Relief Association, and were not considered police officers. The city introduced in evidence a portion of its ordinances (Chapter 74). Sections 74-103 and 74-104 thereof use terms describing as subordinate employees the class of personnel to which the deceased belonged.

The hearing director found that the deceased was an employee, and gave an award to the claimant covering compensation at the rate of $11.22 per week for a period of three hundred weeks, beginning seven days after April 23, 1943, and the funeral bill to the extent of $100.00. The city applied for a review by the board

upon the ground that the deceased was not an employee within the statutory definition, and therefore the board was without jurisdiction of the cause. The board affirmed the finding and award of the hearing director in its entirety.

The city appealed to the superior court of DeKalb County on the grounds that the board acted without authority and in excess of its powers in making the award; that the facts found by the board did not support the order and decree, or award, entered in the case; and that there was not sufficient competent evidence to warrant the board in making the award complained of. The superior court overruled the appeal, and affirmed the award of the board. To this judgment the City of Atlanta excepted.

■ A guard and foreman of prisoners of a municipality is not a police officer, but is an employee of that municipality within the meaning of 'the workmen's compensation laws of this State, where it appears that such guard in the performance of his duties wore no uniform, carried no firearms, and had no power or authority to make arrests; and where the ordinance authorizing his appointment designated his personnel class as "employee." Since the deceased husband of the claimant was an employee of the City of Atlanta, he was covered by the workmen's compensation laws, thus entitling his widow to an award for compensation for his accidental death occurring in the performance if his duties. In the case of *Lentz* v. *City Council of Augusta,* 48 *Ga. App.* 555, 557 (173 S. E. 406), some tests are laid down for determining whether one is a public officer or a public employee, and it is stated: "But at last the underlying and controlling test is whether or not the person fills a position expressly created by law for the discharge of public duties prescribed or indicated by law, involving an exercise of some part of the sovereign power." In *Elliott* v. *City Council of Augusta,* 49 *Ga. App.* 568 (176 S. E. 548), it was held that a superintendent of streets and drains, designated as an employee by the ordinance authorizing his employment, appointed by the mayor and confirmed by the council, was nevertheless an employee of the city and not an officer. If a superintendent of streets may be an employee, it would seem that a plain-clothed unarmed guard is less engaged in the "discharge of public duties," and would be an employee under an ordinance designating as "employees" the personnel to which he belonged. The cases cited by the City of At-

lanta are not applicable because they deal with principles other than compensation. Since the deceased was an employee of the City of Atlanta within the meaning of the workmen's compensation act, the State Board of Workmen's Compensation had jurisdiction and acted within its power in making the award complained of.

■ The finding and award of the board was authorized by the evidence, and the judge of the superior court did not err in affirming the award.

*Judgment affirmed.* *Sutton, P. J., and Felton, J., concur.*