34377. CITY OF BRUNSWICK *v.* EDENFIELD.

DECIDED JANUARY 17, 1953.

*B. N. Nightingale,* for plaintiff in error.

*G. B. Cowart,* contra.

GARDNER, P. J. A municipal corporation in a proper case may be liable for compensation under the compensation laws of Georgia. The act provides that "employer" shall include any municipal corporation within the State. Code, § 114-101. See also § 114-109. "Municipal corporations and their employees come under the compensation act, irrespective of the number of employees in the service of the corporation." *Carruthers* v. *City of Hawkinsville,* 46 *Ga. App.* 607 (2) (168 S. E. 120). " 'Em-

ployee' shall include every person in the service of another under any contract of hire, . . written or implied. . . Any reference to an employee who has been injured shall, when the employee is dead, include also his legal representatives, dependents and other persons to whom compensation may be payable, pursuant to the provisions of this law." Code, § 114-101. The amendments of Ga. L. 1950, pp. 324, 404, 405, do not affect the provisions of the section above quoted from.

The Court of Appeals held in *Travelers Ins. Co.* v. *Clark*, 58 *Ga. App.* 115, 121 (197 S. E. 650): "In determining whether or not the relationship of master and servant prevails in a compensation case, the same principles that exist under the common law obtain. 'The relation of master and servant exists whenever the employer retains the right to direct the result to be accomplished, or, in other words, not only what shall be done, but how it shall be done.' Singer Mfg. Co. *v.* Rahn, 132 U. S. 518 (10 Sup. Ct. 175, 33 L. ed. 440)."

A guard and foreman of prisoners of a city was not a police officer of that city, but was held an "employee" within the meaning of the Workmen's Compensation Act. *City of Atlanta* v. *Bailey*, 70 *Ga. App.* 711, 712 (29 S. E. 2d, 514). In that case it was held that the underlying and controlling test whether one is a public officer or a public employee "is whether or not the person fills a position expressly created by law for the discharge of public duties prescribed or indicated by law, involving an exercise of some part of the sovereign power," citing *Lentz* v. *City Council of Augusta*, 48 *Ga. App.* 555, 557 (173 S. E. 406). See also *Elliott* v. *City Council of Augusta*, 49 *Ga. App.* 568 (176 S. E. 548), holding that a superintendent of streets and drains, designated as an employee by the ordinance authorizing his employment, appointed by the mayor and confirmed by the council, was nevertheless an employee of the city and not an officer. Certainly the record before the director here does not demand a finding, as a matter of law, that a fireman, third class, of the City of Brunswick, who may be hired and discharged by the chief of the fire department at will, and whose hiring and discharging is not subject to the confirmation or approval of any person or official of the city, is a public officer. The fact that some of the duties of firemen generally are classed as gov-

ernmental functions does not prevent a fireman from being an employee of the city and an employee within the compensation act.

In *Liberty Mutual Ins. Co.* v. *Kinsey*, 65 *Ga. App.* 433, 441 (16 S. E. 2d, 179), this court stated that, in determining whether a person was the servant of another, in order to hold the latter liable for torts committed during the course of employment, "the criterion by which to determine whether the relation existed as alleged is to ascertain whether, at the time of the injury, the alleged servant was subject to the defendant's orders and control and was liable to be discharged by him for disobedience to orders or for misconduct." The record here discloses that the Chief of the Fire Department of Brunswick, who was the head of his department, employed the deceased fireman, and that it was customary for him to "hire" all firemen, and to "discharge" them at will, and that there was no civil-service act as to firemen as in some cities. It is agreed by both parties here that the hiring and firing of those situated as was the deceased at the time of his death were exclusively at the will and discretion of the chief of the fire department. It is our opinion that, insofar as the record here discloses, the deceased fireman, Edenfield, was subject to the immediate control and supervision of the Chief of the Fire Department of said city and, having been hired at the instance of the chief, could be discharged by him as could any ordinary servant and employee in any department of the city. The firemen did not have to measure up to any required standard of qualifications as is required by a civil-service or merit system. They are hired by the chief as are any ordinary employees and servants hired in any department of the city. Nothing to the contrary appears. The chief enters into a contract with the firemen and employs them as he sees fit, and they are hired at will and may be discharged at will. The firemen are not appointed by the city government, the commission or the manager, as is the chief of the department.

The present case is not like that of *City of Macon* v. *Whittington*, 171 *Ga.* 643, 646 (156 S. E. 674), and the others, so strongly relied on by the city to show that this fireman was not an employee of the city but was an officer. The ruling of McDonald *v.* City of New Haven, 94 Conn. 403 (109 Atl. 176, 10 A. L. R.

193, 201), cited and approved in *City of Macon* v. *Whittington,* supra, that "A regularly appointed member of a city fire department is not an employee of the city within the meaning of a workmen's compensation act which requires a contract relationship of employer and employee in order to bring an injured employee within its provisions," is not applicable under the agreed facts before the director here. That case—as do the other cases from Georgia relied on by the city—seems to turn on the fact that the city firemen or policemen involved were not employed at will by the head of the department, but were appointed under civil service or other similar method, and could not, therefore, be hired and fired at the will of the municipality involved. In the case at bar, however, a man employed by the Chief of Fire Department of the City of Brunswick—such chief having the right to discharge him, with or without cause, at any time he pleases, not being under any civil-service laws and regulations whatever or subject to the city commission, etc.—is not as a matter of law an officer. In such a case, we think that the finding of fact made by the director is supported by the approved facts in the record and is not contrary to law for any of the reasons assigned, and it will be upheld by this court.

It is the purpose of our compensation laws to provide compensation for injured employees and for the widows of deceased employees, where such injuries were sustained by persons engaged in the performance of the duties of their employment. The act is to receive a liberal construction and application as to who is covered by its provisions. "The term 'employee' in section 2(b) of the Workmen's Compensation Act (Ga. L. 1920, p. 167), which provides that 'employee' shall include every person . . in the service of another under any contract of hire," etc. (*City of Macon* v. *Whittington,* supra), clearly applies to a person hired by the Chief of the Fire Department of the City of Brunswick to perform the duties of a fireman third class. See, to the same effect as the *Whittington* case, *Marlow* v. *Mayor &c. of Savannah,* 28 *Ga. App.* 368 (110 S. E. 923), holding that the act does not apply to a policeman of the city because "a policeman is a public officer." In that case the record discloses that the policemen of said city (Savannah) are appointed by the mayor upon recommendation of the chief of police and ap-

proval of the police committee of council. See also *City Council of Augusta* v. *Reynolds,* 50 *Ga. App.* 482 (2) (178 S. E. 485); *Parker* v. *Travelers Ins. Co.,* 174 *Ga.* 525 (163 S. E. 159); *New Amsterdam Cas. Co.* v. *Griner,* 176 *Ga.* 69 (166 S. E. 864); *Goss* v. *Gordon County,* 35 *Ga. App.* 325 (133 S. E. 68); *Bunch* v. *City of Macon,* 29 *Ga. App.* 290, 294 (115 S. E. 40). In all these cases it appeared that the claimant was a public officer and not an employee. It matters not what the employee is called, be it fireman or laborer; if he is hired as a servant and is not a public officer, the compensation act will cover him, if he is otherwise qualified to be covered under the Workmen's Compensation Act.

However, it does not appear here that the fireman for whose death compensation is claimed by his widow was not an employee within the meaning of the act but was an officer, a public officer of said City of Brunswick. The fact that his services were engaged by the Chief of the Fire Department of the City of Brunswick to work for the city as a fireman, and that he could be discharged by the chief at will, indicates that his status was that of a servant and employee and not that of a municipal officer. The fact that he is designated as a "fireman" and that the courts have held that certain "firemen," selected or appointed under the civil service rules under which the department operated, and policemen who are appointed by the mayor or other governmental department, subject to approval by council, and who exercise a portion of the sovereign power in performing their duties, are officers of the city and not entitled to compensation, does not necessarily and as a matter of law mean that every fireman is an officer and not an employee of the city, simply because he is a fireman and is called a fireman. The fact that he is engaged in performing governmental functions in his duties as a fireman, and that the city would not be liable for his negligence as such does not as a matter of law constitute him an officer of the city. So far as the record discloses, this fireman was hired by the chief and could have been discharged by him at will. He was subject to the supervision and direction of the chief in performance of his duties. He was engaged by the chief under a contract of employment and not chosen or appointed. The question is

whether there was an employment of the claimant's husband under a contract of hire. Because in the performance of his duties as a fireman the claimant's husband might engage in acts for which the city might not be liable in damages for improper performance on the ground that the same were governmental functions, does not prevent him from being an employee under the statute.

The facts in the record authorized the single director to find that the claimant's husband was an "employee" of the City of Brunswick under the provisions of the Workmen's Compensation Act of Georgia, and came under the compensation laws. It follows that the judge of the superior court did not err in approving and affirming such finding of the director, awarding compensation to the claimant for the death of her husband.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*