LOYD BEALL, plaintiff in error, *vs.* WILLIAM BAILEY, defendant in error.

When an affidavit of illegallity, with the usual bond, is delivered to the sheriff, it is returnable to the next regular term of the Court from which the execution issued, and not to an adjourned session of the same term.

If the sheriff makes his return to such adjourned session, and the Clerk enter the case on the docket, it is error in the Court to call the case up, and dismiss it at that term.

Illegality. Practice. Before Judge HARVEY. Floyd Superior Court. June Adjourned Term, 1871.

Bailey's *fi. fa.* against Beall, ordered the sheriff to make the money, and return the writ to January Term, 1871, of said Court. It was levied in February, 1871. In March, 1871, Beall lodged with the sheriff an oath of illegality to stop the sale. The sheriff returned the papers to the Clerk's office, and he entered the illegality upon the docket. January Term was adjourned till June, 1871, and then this case was called. Beall's counsel objected that it was properly returnable to July Term, 1871, and could not yet be called. The Court overruled the objection and heard and dismissed the illegality. That is assigned as error.

ALEXANDER & WRIGHT, for plaintiff in error.

UNDERWOOD & ROWELL, for defendant

McCAY, Judge.

The Revised Code, section 3613, is positive and precise that the officer shall return the affidavit and bond to the *next term* of the Court from which the execution issued, and it shall be the duty of the Court, at the *first term thereof,* to determine the same. The plaintiff in this case is well satisfied that the affidavit is very lame and was only interposed for delay. Suppose it is. That does not make it returnable to a different term. It is important that the rule be kept uni-

form. The return of the papers is the only notice either gets of the pendancy of the illegality, and it is important, both to the plaintiff and defendant, that each party shall know when the case is to be heard. The case of *Brown & Wright vs. Smith & Leonard,* 24 Georgia Reports, 418, is precisely in point. There the *certiorari* was frivolous. But this Court overruled the Judge in taking it up at a term too soon. The statute is positive and must be obeyed. Judgment reversed.