## WILLIAMS *v.* THE STATE.

1. A valid exception to the admissibility of evidence can not be made for the first time in a motion for new trial.

2. Neither grade of manslaughter was presented by the evidence, and the

court properly omitted an instruction on the law of voluntary and involuntary manslaughter.

3. The evidence supports the verdict.

No. 284.   June 12, 1917.

Indictment for murder.   Before Judge Harrell.   Decatur superior court.   March 16, 1917.

W. V. Custer, for plaintiff in error.

Clifford Walker, attorney-general, R. C. Bell, solicitor-general, F. A. Hooper & Son, and M. C. Bennet, contra.

Evans, P. J.   The defendant was convicted of the murder of Minnon Edwards.   The evidence discloses that the defendant came to his home late at night and found the decedent, whose age is given by the witnesses as twenty or twenty-five years, sitting on the steps of the house, talking with his stepdaughter.   The stepdaughter was the only eye-witness to the killing; and she testified that the defendant immediately began to curse the decedent, applying vile epithets, and shot him twice with a pistol.   The occupants of the house, the wife of the defendant and her sister, were aroused, and when they came out the decedent was dead.   The defendant, by threats of violence, compelled the women to assist him in burying the body of the decedent.   A few days thereafter the body was discovered.   Tracks were seen leading to and from the place of interment and the defendant's house.   In his statement to the jury the defendant said he had warned the decedent to stay away from his house, as his presence would cause quarrels between him and his wife.   On the night of the homicide he found the decedent in the house, and as he ran out of the house the defendant "didn't know what he had.   I said, 'What are you doing?' and he reached out, and I shot him."   Defendant further stated that the body was buried at the instance of the women.   In rebuttal of the statement a witness testified that at the coroner's inquest the defendant denied killing the decedent, but that afterwards he said that when he got to his house he fired off his pistol with no intention of shooting anybody, and did not know that he had killed the decedent until informed by one of the women.

1.   In his motion for new trial the defendant complains that the court allowed certain testimony.   No objection was made to the testimony at the trial.   It is too late to raise such objection for the first time in a motion for new trial.

2. The testimony submitted in rebuttal of the prisoner's statement did not call for an instruction on the law of manslaughter.

3. The evidence did not disclose any improper relation between the decedent and any member of his household. The testimony leaves the motive for the homicide in some obscurity, but is sufficient to establish the defendant's guilt of murder.

*Judgment affirmed. All the Justices concur.*