DECIDED SEPTEMBER 21, 1934.

23626. ELLIOTT *v.* CITY COUNCIL OF AUGUSTA.

DECIDED SEPTEMBER 21, 1934.

570

*Thomas W. Hardwick, Isaac S. Peebles Jr.,* for plaintiff.

*J. Paul Stephens,* for defendant.

SUTTON, J. (After stating the foregoing facts.) When the plaintiff was appointed to the position of superintendent of streets and drains for the city of Augusta by the mayor of said city, under the ordinance of March 8, 1927, which ordinance designated him as an employee of the city, and provided that he should work under the direct supervision and control of the mayor, the provisions of

said ordinance as to the manner in which he should be removed from said position became a part of the contract of employment between the city and the plaintiff. Under the provisions of that ordinance the plaintiff could be discharged for cause, or without cause, by the mayor with the approval of the council. He was appointed to said position on January 10, 1931, for a period of three years, and unless removed from said office in the manner prescribed in the ordinance under which he accepted said position, his tenure of office would not expire until January 9, 1934. The relations between plaintiff and the city as to this position were contractual, and to allow the ordinance abolishing his position to cause his discharge in a manner not prescribed in the ordinance under which he was appointed would be to allow the latter ordinance to impair the obligation of the contract between the municipality and the plaintiff, which would violate the Federal and State constitutions. "Ordinances embodying contracts can not be so amended as to impair their obligations or deprive any one of a right acquired or vested thereunder, unless power to amend is expressly reserved in the ordinance so amended." 43 C. J. 561, and note 50. The contract between the city, made by its mayor, and the plaintiff was a valid one and could only be terminated in the manner prescribed in the ordinance under which the plaintiff was appointed, or on expiration of the time for which he was hired. "That a contract with plaintiff for the working of the streets of Americus for one year was made, that he worked them properly, and that he was discharged before the expiration of the year, makes a prima facie case; it was error to award a nonsuit, although it appeared that he was paid up to the time of his discharge, and that the employer reserved the right to 'judge of the faithfulness and sufficiency of said contractor and the hands he may have employed.'" *Alexander* v. *Americus,* 61 *Ga.* 36. Where the contract of employment with a municipality is for a fixed term, the employee can not be discharged before the expiration of the term, except in the manner prescribed in the ordinance giving to the mayor the right to employ such person, which constituted a part of the contract between the employee and the municipality.

This court is not unaware of the decision in *Wright* v. *Gamble,* 136 *Ga.* 376 (71 S. E. 795, 35 L. R. A. (N. S.) 866, Ann. Cas. 1912C, 372), that "Where the tenure of an office is not prescribed

by law, the power to remove is an incident to the power to appoint. In such a case the appointee holds at the pleasure of the appointing power, although it attempts to fix a definite term; and no formalities such as the preferring of charges or the granting of a hearing to the incumbent are necessary to the lawful exercise of the authority of removal." Or the decision in *City Council of Augusta* v. *Sweeney*, 44 *Ga.* 463 (9 Am. R. 172), wherein it was held that where a public office is created by the authorities of a municipal corporation, the incumbent of the office does not have such an interest in the salary as that the municipality can not, at its discretion, abolish the office, and by so doing deprive him of his right to tender his services and demand his salary, for the full term for which he was elected. See also *Collins* v. *Russell*, 107 *Ga.* 423 (33 S. E. 444). In these cases the plaintiff was an officer of the city, whereas in the instant case the plaintiff was an employee of the city and not an officer thereof.

The ordinance providing that the mayor of said city could appoint a person as superintendent of streets and drains was not invalid and without legislative authority. *Tietjen* v. *Savannah*, 161 *Ga.* 125 (129 S. E. 653). The contract under which a person is given employment by a municipal corporation may fix the term of his employment, by making it for a stated time, and in such a case the employment terminates upon the expiration of the time. 43 C. J. 901. The tenure of an employee, unlike that of an officer, is not automatically terminated by a termination of the tenure of the appointing power. Id. "An officer is distinguished from an employee in the greater importance, dignity, and independence of his position; not being required to take an official oath, and perhaps give an official bond; in the liability to be called to account as a public offender for misfeasance or nonfeasance in office." City of Baltimore *v.* Lyman, 92 Md. 591 (48 Atl. 145, 52 L. R. A. 406, 84 Am. St. R. 524); and see *Lentz* v. *Augusta*, 48 *Ga. App.* 555 (173 S. E. 406). Until the passage of the ordinance of March 8, 1927, it may be that it would have been proper to look upon the superintendent of streets and drains as an officer of the city; but upon the passage of that ordinance, by its express terms, as well as by the manner of the performance of his duties, the superintendent of streets and drains, being under the direct supervision and control of the mayor, became an employee of the city,

so designated as such; and the city can not now be heard to assert the contrary. Neither can the city set up that its own ordinance is invalid because it expressed matter in the body thereof different from the caption, even if this were true; but an examination of the caption and body of the ordinance of 1927 discloses that this contention is without merit. In determining whether persons working for a city are officers or employees, one of the factors is whether he is called an officer or employee by ordinance of the city. *City of Macon v. Whittington,* 171 *Ga.* 643 (156 S. E. 674).

It follows that the court below erred in dismissing plaintiff's petition on general demurrer.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*