24733. CITY COUNCIL OF AUGUSTA *v.* WIDENER.

Decided May 25, 1935. Rehearing denied June 14, 1935.

*William T. Gary,* for plaintiff in error.
*Hammond, Kennedy & Kennedy,* contra.

Broyles, C. J. Sterling Widener sued the City Council of Augusta, alleging, in part, that on the second Saturday in January, 1931,—January 10, 1931,—he was appointed by the mayor of Augusta as engineer at the pumping station, which, under the terms of city ordinance No. 472 then in force (a copy of which is attached to and made a part of the petition), was employment for the period of three years at a wage of $166.66 per month; that the appointment was confirmed and approved by the city council; that he was not required to give bond or take oath of office, but immediately entered upon the discharge of the duties of his employment; that the waterworks committee of the city council, acting under ordinance No. 890 passed January 22, 1933, undertook by resolution to discharge him on January 31, 1933, and the assistant city engineer in charge of the defendant's waterworks, acting on said resolution and at the direction of said committee, notified plaintiff that he had been discharged and would not be permitted to work after that date, which discharge was a breach of the aforesaid contract between the plaintiff and the defendant; that he was not relieved of his employment by the mayor on approval of council, nor after trial on written charges by the city council, and that the mayor declined to approve the discharge; that the ordinance No. 890, under which the committee acted in undertaking to discharge plaintiff by motion or resolution, undertakes to abrogate and im-

pair the contract hereinbefore set out between the plaintiff and the defendant, and violates the constitution of the State, in that it is retroactive and impairs the obligation of a valid contract; that by reason of the breach of the contract defendant is indebted to plaintiff in the sum of $1833, besides interest on his wages from the time each installment thereof became due on the 1st and 15th of each month, at the rate of 7 per cent. The defendant filed general and special demurrers to the petition, which were overruled, and to the ruling no exception was taken.

Defendant answered, admitting that plaintiff was appointed as engineer at the pumping station at the time and at the wage alleged in the petition, and that he served until January 30, 1933, but averred that plaintiff's position was declared vacant for the good of the service and that his discharge by the waterworks committee was legal and proper, and that under the law he was an officer and not an employee of the city, and was subject to be discharged by the waterworks committee. Defendant admitted that the mayor did not approve the discharge of plaintiff, and that its laws provide for a mode of trial before council for city officers and employees, but averred that plaintiff did not request a trial. Further answering, defendant says that on June 4, 1932, plaintiff's salary was reduced from $2000 per annum to $1700 per annum, and that the reduction was accepted by plaintiff without objection.

After the introduction of the evidence, oral and documentary, the court directed a verdict in favor of the plaintiff for $1393, and judgment was taken thereon. The defendant made a motion for a new trial which was overruled, and on this judgment it assigns error.

There being no assignment of error on the overruling of defendant's demurrer, it is the settled law of the case that the petition set out a cause of action.

Certain grounds of the motion for a new trial allege that the court erred in refusing to admit evidence as to misconduct of the plaintiff, or to show that he was discharged for "cause" or "for the good of the service." The court did not err in such rulings, as, under the pleadings, the issue was not whether the plaintiff had been guilty of misconduct, but was whether he had been charged, tried, and discharged in accordance with law—whether his contract with the defendant had been lawfully terminated or had been breached by the defendant.

The ground of the motion alleging that the court erred in directing a verdict for the plaintiff is likewise without merit, as, under the evidence adduced, no verdict, other than for the plaintiff, could stand. The plaintiff proved that he was employed in the manner provided by law; that his employment was for three years; that he stood ready to perform the duties of his employment up to the end of the term of the contract; that no charges were preferred against·him or trial given him; that he was an employee and not an officer of the city; that he gave no bond, but "was put to work like anybody else." The act of 1913 (Ga. L. 1913, p. 612) provides that a civil-service commission have control of the police department of the City of Augusta. Plaintiff was not under this commission. It is true he testified he "took the oath of office as an officer of the City of Augusta, as a policeman or something of that kind. I was made a policeman by virtue of that and was to enforce the law up there at the pumping station;" but evidently, in the light of all the evidence adduced, his authority to keep order at the pumping station was merely incidental to his employment and did not make him a policeman or an officer within the meaning of the ordinance introduced in evidence designating officers; but on the contrary, the ordinance of the city specifically designates the holder of plaintiff's position as an employee. The evidence amply disclosed that his discharge was a violation of law and a breach of the contract.

On November 4, 1924, the city council of Augusta passed ordinance No. 253, specifically designating who should be deemed officers and who should be deemed employees. Section 5 of this ordinance provides "that the following shall be deemed employees of the City of Augusta, and shall be elected by council to serve during the will of council, but subject to discharge by a majority of the committee under whose jurisdiction either of them may be, and to be elected on the second Saturday in January of 1925, and every three years thereafter or as soon as practicable after such second Saturday, or may be elected at any time for an unexpired term in case of vacancy, viz. . . (s) Engineer Pumping Station." It will thus be seen that under this ordinance the holder of the position later held by plaintiff was an *employee,* and the term was *three years,* but the holder of the position was elected by council and subject to be discharged by a majority of the committee. However, or-

dinance No. 253 was amended on March 8, 1927, by ordinance No. 472, which was in force at the time of plaintiff's employment and under which he was employed. Section 3 of ordinance 472 provides: "The following shall be deemed *employees* of the City of Augusta, and shall be *appointed by the mayor subject to confirmation by the council*, on the second Saturday in January, 1928, or as soon thereafter as practicable, for a term of *three years*, unless they are sooner relieved of their services by the mayor on approval by council, namely: . . (v) Engineer Pumping Station." (Italics ours.) Sections 4 and 5 of this ordinance provide: "That said respective *employees* shall do and perform all duties which are now or which may hereafter be required of them by council or the mayor. That the said *employees* immediately above named *shall be entitled to trial by council* for dereliction of duty, disobedience of orders and misconduct in office, but shall otherwise be under the immediate supervision and control of the mayor." (Italics ours.) Section 6 of this ordinance provides, "in so far as the ordinance numbered 253 is in conflict with these provisions, that the same be, and is hereby repealed." Thus the provision for discharge of an employee by a majority of the committee, as contained in ordinance 253, was repealed by the later ordinance No. 472, which was in force at the time of plaintiff's employment, in which it was specifically provided that the employee "shall be entitled to trial by council." This later ordinance also designates the plaintiff's position as that of an employee and his term of service as three years. It is undisputed that the plaintiff was appointed by the mayor and his appointment confirmed by council, as provided by the ordinance, and that the mayor did not approve his discharge.

Ordinance No. 890, passed January 21, 1933 (just a few days before plaintiff's discharge), which was disapproved by the mayor, but passed over his veto, attempted to make the plaintiff subject to discharge by the waterworks committee, and the committee, acting thereunder, discharged him without giving him a hearing or trial. This was in violation of the ordinance under which he was employed, which provided that employees "shall be entitled to trial by council for dereliction of duty, disobedience of orders and misconduct in office." Plaintiff's petition alleged that ordinance No. 890 was retroactive, impaired the obligation of contracts, and was unconstitutional; and the overruling of the defendant's demurrer to the petition was not excepted to.

Under the charter of Augusta approved January 31, 1798 (Marbury and Crawford's Digest of Ga. Laws, p. 136), the City Council of Augusta had full authority to pass ordinance No. 253 and the amendment thereto (No. 472) under which defendant contracted with the plaintiff, and the ordinances were regularly passed by the council. The contract, therefore, was lawful and binding, and the evidence shows that the defendant breached the contract. The law of this case is settled by the decision in *Elliott* v. *City Council of Augusta,* 49 *Ga. App.* 568 (176 S. E. 548), which is directly in point. When the plaintiff was appointed to the position of engineer at the pumping station by the mayor of the city and his appointment was confirmed by council under ordinance 472, approved March 8, 1927, which designated him as an employee and fixed his term of service at three years, and provided for trial by council for misconduct, "said ordinance as to the manner in which he should be removed from said position became a part of the contract of employment between the city and the plaintiff, . . [and] where the contract of employment with a municipality is for a fixed term, the employee can not be discharged before the expiration of the term, except in the manner prescribed in the ordinance." *Elliott* case, supra. See also *City of Macon* v. *Bunch,* 156 *Ga.* 27 (118 S. E. 769) ; *Bunch* v. *Macon,* 29 *Ga. App.* 290 (115 S. E. 40).

The amount of the verdict directed by the court was for 11 months pay at $166.66 per month, or $2000 per annum, as was fixed by the ordinance at the time the contract was made. This amounted to $1833, from which was deducted $440 earned by plaintiff after his discharge, leaving $1393—the amount for which judgment was taken. Under the *Elliott* case, supra, the ordinance fixing the pay at $2000 a year, which was in force at the time the contract was made, "became a part of the contract of employment between the city and the plaintiff," unless a previous law authorized a reduction of the wages of employees, which does not appear in the record. The verdict of $1393 directed by the court deprives the plaintiff of 9 days pay (plaintiff having been discharged 11 months and 9 days before the expiration of his contract), and also deprives him of the interest on his salary from the date it was due under the contract. It also deprives him of the difference between the contract price ($2000 per year) of his employment and the price actually paid him ($1700 per year) from June 4, 1932, to

January 31, 1933; but the plaintiff filed no cross-bill and makes no complaint because of the loss of these items.

The contention of the plaintiff in error that the court erred in computing the salary of the plaintiff on the basis of $2000 per year is without merit. The judgment for 11 months pay at the rate of $2000 per annum was fully authorized. The reduction of the plaintiff's salary from $2000 to $1700 after the contract for three years was made was without authority of law (there being no contention that a previous law authorized council to reduce wages of employees); and the fact that the plaintiff accepted the reduction in order to retain his position does not preclude him, after he has lost his position, from insisting upon the terms of his contract in a suit for a breach thereof, there being no contention that the reduced pay was accepted because of less work or for any other valid consideration.

Under the authorities cited above and the evidence adduced on the trial, the verdict for the plaintiff was demanded, and the court did not err in so directing or thereafter in overruling the motion for a new trial.

*Judgment affirmed.   MacIntyre and Guerry, JJ., concur.*