## 25242. CITY COUNCIL OF AUGUSTA *v.* KELLY.

DECIDED MAY 7, 1936.  REHEARING DENIED JUNE 18, 1936.

*W. T. Gary, C. W. Killebrew,* for plaintiff in error.
*Isaac S. Peebles Jr., T. W. Hardwick,* contra.

GUERRY, J.  Arthur Kelly brought suit against the City Council of Augusta, on the following state of facts:  He was employed on January 10, 1931, for a term of three years as canal foreman, at a salary of $150 per month.  Under such employment he was an employee and not an officer of the city.  He entered upon the performance of the terms of his contract, and faithfully performed his duties until October 1, 1931, when he was wrongfully discharged by the City Council of Augusta.  He alleged the tender of his services, and a refusal by the city to accept them; and the amount he had been able to earn during the remainder of the term for which he had been employed.  He attached to his petition as exhibits the provisions of the ordinances under which he was employed, ordinance No. 253 and ordinance No. 472.  Under the terms of these a canal foreman is designated an employee.  Ordinance No. 253, enacted in November, 1924, provided in effect that employees should be elected by council on the second Saturday in

January, 1925, and every three years thereafter, or as soon as practicable after such second Saturday in January. No. 472, approved March, 1927, provided that a canal foreman should be deemed an employee, and that he as well as other named employees should be appointed by the mayor and confirmed by the council on the second Saturday in January, 1928, for a term of three years, unless they were sooner relieved of their services by the mayor on approval of the council. It was further provided that in so far as No. 253 was in conflict with No. 472, the same was repealed. No. 472 further provided that the employees named should be entitled to a trial by council for dereliction of duty, disobedience of orders, and misconduct. The evidence shows that on January 10, 1931, the mayor of the city tendered the name of the plaintiff to the council as his appointee for the place as canal foreman, and this appointment was approved, and the defendant entered upon a discharge of his duties; and that he was never tried or removed from office by the mayor and council, but on September 11 an ordinance was passed by council abolishing the office of canal foreman, and the plaintiff was removed from office and paid for his services up to October 1, 1931.

The defendant contends that ordinance 472 provided for a term of office for such employees as were appointed thereunder for a term of three years and no longer, and for that reason the appointment of the plaintiff on January 10, 1931, was for no definite length of time, and the city had the right to discharge him whenever it saw fit. By the provisions of ordinance 472 it repealed only so much of ordinance 253 as might be in conflict therewith. Ordinance 253 provided, with respect to employees, "that they shall be elected by the council to serve during the will of the council, but subject to discharge by a majority of the committee under whose jurisdiction either of them may be, and to be elected on the second Saturday in January, 1925, and every three years thereafter or as soon as practicable." Ordinance 472 provided that employees should be appointed by the mayor, subject to confirmation by the council, on the second Saturday in January, 1928, or as soon thereafter as practicable, for a term of three years, unless they were sooner relieved of their services by the mayor on approval of the council. It was further provided: "That the said employees . . shall be entitled to a trial by council for dereliction of duty,

disobedience of orders and misconduct in office, but shall otherwise be under the immediate supervision and control of the mayor," and provided further, that "in so far as ordinance numbered 253 is in conflict with these provisions, that the same be and is hereby repealed." The plaintiff was appointed by the mayor, and his appointment was confirmed by the council. The mayor did not consent to his removal or the abolishment of the position to which he was appointed. By an ordinance passed January 24, 1928, it was provided that, "until this ordinance is altered, amended, or repealed, the salaries of officers and employees shall be as follows: Canal foreman, $1800." Under ordinance 253, employees were elected by the council, and subject to discharge by a majority of the committee under whose jurisdiction either of them might be. Under ordinance 472, employees were appointed by the mayor, and confirmed by the council, for a term of three years, "unless sooner relieved of their services by the mayor on approval of the council." Further provisions were made for a trial in the event of a dereliction of duty, etc. Counsel for the plaintiff in error contends, in view of the fact that ordinance 472 provided that terms of employees should be for a term of three years from January 10, 1928, that no subsequent provision was made for the length of service of employees appointed and confirmed after that time, and for that reason council might terminate the employment of the plaintiff at will, and that the ordinance abolishing the office of canal foreman, passed in September, 1931, terminated any right of the plaintiff. We can not see that the provision in ordinance 253, passed in 1924, which provided that the term of office of employees should be for a term of three years and every three years thereafter, was repealed by ordinance 472, which provided for a term of three years without specifically mentioning further terms of office. The evidence discloses, without contradiction, that the plaintiff was regularly appointed, and that he was not removed by the mayor, but that his employment was terminated over the objection and disapproval of the mayor. As was said in *Elliott* v. *Augusta,* 49 *Ga. App.* 568 (176 S. E. 548), "Where the contract of employment with a municipality is for a fixed term, the employee can not be discharged before the expiration of the term, except in the manner prescribed in the ordinance." See also *Augusta* v. *Widener,* 51 *Ga. App.* 365 (180 S. E. 364); *City of Macon* v. *Bunch,* 156

*Ga.* 27 (118 S. E. 769). Having construed the ordinances as above set forth, the case falls clearly within the rulings announced in the cited cases. The court did not err in directing the verdict for the plaintiff.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*