25212. CITY COUNCIL OF AUGUSTA *v.* KING.

DECIDED JULY 10, 1936.

*William T. Gary, C. Wesley Killebrew,* for plaintiff in error.
*Hammond, Kennedy & Kennedy,* contra.

SUTTON, J. King, the former "keeper of the 13th street gates" in the City of Augusta, brought suit against said city, alleging that it had breached a contract of employment made with him for three

years, by wrongfully discharging him before its expiration, and therefore was due him, as damages, his salary for the balance of the term of employment. He was employed pursuant to ordinance No. 253 of the city, dated November 4, 1924, as amended by ordinance No. 472, of March 8, 1927, being the same ordinances that were involved in the cases of *Elliott* v. *Augusta*, 49 *Ga. App.* 568 (176 S. E. 548), *City Council of Augusta* v. *Widener*, 51 *Ga. App.* 365 (180 S. E. 364), and *City Council of Augusta* v. *Kelly*, 53 *Ga. App.* 589 (186 S. E. 222), in which ordinances the "keeper of the 13th street gates" was specifically designated as an employee of the city. The facts of the case at bar are identical, as to the essential particulars, with the facts in those cases; and the decisions therein, together with the principles of law laid down in such cases, are controlling and decisive of the major question in this case. The judge directed a verdict for the plaintiff, lessening the damages with the sums of money earned by plaintiff at other employment during the balance of the term. The defendant's motion for new trial was overruled, and it excepted.

The proper determination of the question whether or not the plaintiff was wrongfully discharged depends upon whether he was an employee or an officer of the city. Under the *Elliott, Widener,* and *Kelly* decisions, supra, King was an employee. The plaintiffs in these cases, the superintendent of streets and drains, the canal foreman, and the engineer of the pumping-station of the city, as well as the plaintiff herein, the keeper of the 13th street gates, were all employed pursuant to the power granted to the mayor under ordinance No. 472 of March 8, 1927, as amendatory of ordinance No. 253 of November 4, 1924, and were each specifically designated therein as employees of the city, and they were under the immediate supervision and direction of the mayor of the city. King, like these plaintiffs, was not discharged as provided in ordinance No. 472, which amended ordinance No. 253 with respect to the appointment or employment of such employees and as to their discharge before the expiration of their terms of employment; but King was discharged by a resolution of the canal committee of the city council. "Where the contract of employment with a municipality is for a fixed term, the employee can not be discharged before the expiration of the term, except in the manner prescribed in the ordinance giving to the mayor the right to employ such per-

son, which constituted a part of the contract between the employee and the municipality." *Elliott* v. *Augusta,* supra.

The court did not err in refusing to permit the defendant to introduce in evidence an excerpt from the minutes of the canal committee of city council, which consisted of an adopted resolution declaring the position of the plaintiff "vacant for the good of the service," which action was not authorized by the ordinances under which plaintiff was employed. The fact that plaintiff accepted a temporary reduction in his salary, which was unauthorized by law, would not prevent him from later insisting on the term of his contract of employment. This was so decided by this court in *Augusta* v. *Widener,* supra.

The verdict as directed was not erroneous because Dr. Jennings, the mayor of said city during the time the plaintiff was employed and at the time he was discharged, was permitted to testify, over objection of the defendant, that he disapproved of the discharge of the plaintiff. The ordinance under which plaintiff was employed provided for the appointment or employment of the employees therein designated by the mayor, subject to confirmation by city council, for a term of three years, "unless they are sooner relieved of their services by the mayor on approval by council," and that "the said employees immediately above named shall be entitled to trial by council for dereliction of duty, disobedience of orders, and misconduct in office, but shall otherwise be under the immediate supervision and control of the mayor." Therefore it did not appear in this case "that the mayor had no authority of law to approve or disapprove the discharge" of the plaintiff. Nor did the court err in directing the verdict for the plaintiff "because the evidence showed that the plaintiff voluntarily abandoned his job or was relieved of his duties by the mayor." No such evidence was before the jury.

Under the facts of this case and the decisions of this court in the *Elliott, Widener,* and *Kelly* cases, supra, the court did not err in permitting the plaintiff and Dr. Jennings "to testify that they made a contract of employment, and . . in further allowing these witnesses to testify as to the terms and conditions of the contract," because "the ordinances of the defendant introduced in evidence showed that the mayor was not empowered or authorized to make a contract stipulating the terms and conditions thereof, his

power in this respect being limited to the mere naming or appointing of plaintiff to his position, the terms and conditions of the contract being determined by law, and the mayor being without power to vary or alter said contract." The plaintiff was not seeking to establish any contract varied or altered by the mayor, but was suing on a contract made with him pursuant to the foregoing ordinances. Also no question is raised by this ground of the motion for new trial, in that it does not appear therefrom that the defendant objected to the introduction of this evidence. 8 Cum. Dig. 1023, 1032; *Williams* v. *State,* 147 *Ga.* 53 (92 S. E. 864); *City of Atlanta* v. *Sciple,* 19 *Ga. App.* 694 (92 S. E. 28); *Culpepper* v. *Hall,* 22 *Ga. App.* 715 (97 S. E. 111).

The defendant contends that when the plaintiff was employed the ordinance of March 8, 1927, was not in force, and consequently he was not employed thereunder, but at the will of the city authorities, for the reason that said ordinance only provided for the employment of the employees therein named for three years from the second Saturday in January, 1928, and did not provide that the mayor could, after the expiration of three years from that date, employ or re-employ persons under said ordinance for an additional three years. It is our opinion that the ordinance should not be so construed, but that this provision of such ordinance remained of force and effect until repealed or so amended as to do away with it. Generally a municipal ordinance will be construed as prescribing some permanent rule of government; and unless it contains a clause prescribing a definite period for its operation, it will not expire of its own limitation. See *City of Rome* v. *Reese,* 19 *Ga. App.* 559, 560 (91 S. E. 880); 43 C. J. 568, § 899. Furthermore, construing this ordinance together with the ordinance of November 4, 1924, which it undertook to amend only in so far as the latter conflicted with what was therein provided, it was plainly provided that such employees could be employed "every three years thereafter, or as soon as practicable after such second Saturday."

There is a motion to assess damages pursuant to the Code, § 6-1801. It does not appear that this case was brought to this court for delay only, and therefore the motion is denied. The verdict in favor of the plaintiff being demanded, and no error of law appearing, the judge did not err in overruling defendant's

motion for new trial. See opinion in *City Council of Augusta* v. *Bowers,* next following.

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., dissents.*