25211.   CITY COUNCIL OF AUGUSTA *v.* BOWERS.

DECIDED JULY 10, 1936.

*William T. Gary, C. Wesley Killebrew,* for plaintiff in error.
*J. Paul Stephens,* contra.

STEPHENS, J.  Paul L. Bowers brought suit against the City Council of Augusta, to recover a sum alleged to be due him for salary as a "sweeper driver" in the employment of the defendant. The plaintiff alleged that on the second Saturday of January, 1931, he was employed by the defendant as a "sweeper driver;" that he had been appointed to this position by the mayor with the confirmation of the council; that under the ordinances of the city he was an employee of the city, and not an officer; that his employment was for a term of three years, and he could not during that term be legally discharged without a trial by council upon charges of a dereliction of duty, etc., as provided by ordinances; that he continued in the employment of the defendant until August 15, 1932, when he was discharged; that he was discharged without being afforded a trial before council, as provided by ordinances applicable to his case; and that he was discharged with the disapproval of the mayor.  The plaintiff sued to recover a sum alleged to be due him as salary for the balance of the term.  He relied on two ordinances of the City Council of Augusta, one approved on March 8, 1927, known as ordinance No. 472, and one approved on November 4, 1924, known as ordinance No. 253.  Ordinance 472 is

expressly declared as amendatory of ordinance 253. By ordinance 253 it is provided that a "sweeper driver" shall be deemed an "employee" of the City of Augusta; that he shall be elected by council to serve during the will of council, but subject to discharge by a majority of the committee under whose jurisdiction he may be; that a sweeper driver shall be elected on the second Saturday of January, 1925, and "every three years thereafter or as soon as practicable after such second Saturday, or may be elected at any time for an unexpired term in case of a vacancy;" and that such employee shall not be entitled to trial by council. This ordinance also provides that certain designated "officers" of the city shall be elected for a term of three years by council on the second Saturday of January, 1925, and every three years thereafter, or as soon as practicable after such second Saturday. By ordinance 472, subsequently enacted, it is provided that certain designated persons among them a "sweeper driver" shall be deemed "employees" of the City of Augusta, and shall be appointed by the mayor, subject to confirmation by council, on the second Saturday in January, 1928, "or as soon thereafter as practicable, for a term of three years, unless they are sooner relieved of their services by the mayor on approval of council." This ordinance contains a provision that the employees referred to therein, which include a sweeper driver such as the plaintiff, "shall be entitled to trial by council for dereliction of duty, disobedience of orders, or misconduct in office, but shall otherwise be under the immediate supervision and control of the mayor." The defendant, by plea and answer, admitted the existence of the alleged ordinances of the city, and that the plaintiff had been an employee of the city and had been discharged without a trial by council as provided in ordinance 472, but denied that ordinance 472 was applicable. The defendant further alleged that the plaintiff had acquiesced in his dismissal, never requested or demanded a trial by council, and that by such conduct he had waived any and all rights which he may have had to a trial by council. Under the admissions in the plea and answer, and the undisputed evidence, the court directed a verdict for the plaintiff. The defendant's motion for new trial was upon the general grounds, and on special grounds excepting to the direction of the verdict and to the exclusion of testimony which tended to establish a waiver by the plaintiff of a right to trial by council. To the overruling of the motion the defendant excepted.

Following the decision of this court in *City Council of Augusta* v. *King,* ante, 111 (187 S. E. 268), wherein it was held by a majority of the court, one of the Judges dissenting, that, upon an application of ordinances 472 and 253, where an employee of the city was appointed in January, 1931, for a term of three years from that date, his discharge before the expiration of that term without a trial by council was illegal, and he was entitled to his salary for the balance of the term, the plaintiff in the case now before the court was illegally discharged from his position as sweeper driver without a trial by council. Being entitled, under the ordinance of the city, to a trial by council before he could be legally discharged from his position, his acceptance of the discharge by giving up his position and his failure to demand a trial by council did not operate as a waiver of the plaintiff's rights under the ordinances to a trial by council as a condition precedent to the legality of his discharge. It is therefore held by the majority of this court, the writer of this opinion dissenting, that under the law and the evidence the verdict for the plaintiff was demanded, and that the court did not err in overruling the motion for new trial. From this judgment the writer dissents; and what follows herein expresses his individual opinion, and not the opinion of the majority of the court.

There is no provision in ordinance 472, as there is in ordinance 253, for the appointment of a sweeper driver or any employee for any term other than the one term. There is no provision in ordinance 472 for appointment of an employee for a term other than a term of three years from the second Saturday in January, 1928, or as soon thereafter as practicable. As respects the appointment of certain "officers" designated in ordinance 472, they shall be elected for a term of three years by the council on the second Saturday of January, 1928, and "triennially thereafter, or as soon as practicable after such second Saturday." It is provided in ordinance 472 that the "employees" named therein "shall be entitled to trial by council for dereliction of duty, disobedience of orders, and misconduct in office, but shall otherwise be under the immediate supervision and control of the mayor." Ordinance 472 contains a provision that ordinance 253, "in so far as it is in conflict with the provisions of ordinance 472, is repealed." The only provision for a trial by council of employees for dereliction of duty before they can be discharged is contained in ordinance 472, and by the

118

terms of that ordinance this provision applies to the employees named in the ordinance. This ordinance provides "that the said employees immediately above named shall be entitled to trial by council." The employees immediately above named are the employees, among which is a sweeper driver, whose appointment and selection are for a term of three years, on the second Saturday in January, 1928, or as soon thereafter as practicable. There are no employees provided for in this ordinance with terms beginning after the expiration of the three-year terms which began in January, 1928. There is no provision in this ordinance for the appointment of employees which includes a sweeper driver for any term commencing during the year 1931, which is the year of the appointment of the plaintiff. Manifestly therefore the provision in that ordinance entitling employees mentioned therein to a trial by council for dereliction of duty, etc., before they can be discharged, has no application to employees appointed after the expiration of three years from January, 1928. The suggestion that this provision in ordinance 472 with reference to the appointment of employees is a continuing power, and that employees may by virtue of this provision be appointed every three years, is untenable. This ordinance contains no express provision as to the appointment of employees continually for three years for any period after the expiration of the first three-year term beginning January, 1928; whereas, as respects the power to appoint officers of the city, it is expressly provided in this same ordinance that, after the first appointment for three years, officers shall be appointed triennially thereafter. There is no such omission in ordinance 253 as respects the appointment of employees after the expiration of the first term. The omission from this ordinance of any express provision for the appointment of employees after the first term must have some significance. If ordinance 472 had merely provided for the appointment of employees for terms of three years, without any reference to the appointment being from any fixed time, as January, 1928, it might be proper to construe this ordinance as providing that the power of appointment is continuous, and to hold that the appointment of employees under this power in the ordinance could be made every three years; but since this ordinance provides for three-year terms for employees from a fixed time, as January, 1928, or as soon as practicable thereafter, etc., and contains no provision for

appointment after the expiration of the first three years, the ordinance must necessarily be construed as conferring power to appoint employees for only one period of three years, and as containing no power for appointment of employees for any period after the expiration of the term of the first appointment for three years. It has no application to the plaintiff, who was appointed in January, 1931. It may be insisted that the provision in ordinance 472 respecting the appointment of employees only for a term of three years from the second Saturday in January, 1928, or as soon thereafter as practicable, is not in conflict with the provisions in ordinance 253 whereby employees may be elected on the second Saturday in January, 1925, "and every three years thereafter." Assuming that there is no conflict between the two ordinances in this respect, and that under a proper construction of the two ordinances when taken together the council may, after the expiration of three years from January, 1928, appoint or elect the employees of the city for terms of three years, this power of appointment is contained, not in ordinance 472, but in ordinance 253; and since it is specially provided in ordinance 253 that the "employees" therein provided for "shall not be entitled to trial by council" but "shall serve during the will of council," and are "subject to discharge by a majority of the committee under whose jurisdiction the employees may be," employees selected or appointed after three years from January, 1928, as are employees selected or appointed in 1931, are not entitled to a trial by council for a dereliction of duty, etc., before they can be legally discharged.

Since the employees referred to in ordinance 472 are only the employees appointed for a term of three years beginning the second Saturday in January, 1928, or as soon thereafter as practicable, and not the employees appointed thereafter, such as the plaintiff, who was appointed in January, 1931, the provisions of this ordinance have no application whatsoever to the plaintiff. If the plaintiff held office for three years from the date he was appointed in January, 1931, and was subject to removal only as provided by law contained in the ordinances of the city, he held office and was subject to removal under the provisions of ordinance 253. As provided in that ordinance, the employees of the city "shall be elected by council to serve during the will of council." It is also provided that they are "subject to discharge by a majority of the committee

under whose jurisdiction either of them may be." Ordinance 253 contains no provision, as does ordinance 472, for a three-year term for employees. Ordinance 253 merely provides that the employees described therein shall be elected "on the second Saturday in January, 1925 and every three years thereafter as soon as practicable after such second Saturday." Whether this ordinance provides for a fixed term for employees is immaterial to the question now under consideration. The employee, irrespective of any definite fixed term of office, may, as provided by ordinance 253 "serve during the will of council," or may be discharged "by a majority of the committee under whose jurisdiction" the employee may be. Ordinance 253 therefore reserves to council full power and authority to effect the employee's discharge at any time after his appointment or election. This ordinance also secures to the majority of the committee, under whose jurisdiction the employee serves, the right at any time to discharge the employee. An ordinance of the City of Augusta of June 4, 1932, which is known as ordinance No. 853, and which is in evidence, provides that "the resident engineer in charge of streets and drains" is "authorized . . to discharge" all employees described in the ordinance, which includes the class of employees to which petitioner belongs. This ordinance, in providing that the resident engineer in charge of streets and drains is "authorized" to discharge the employees referred to, is but an exercise by council of its power over employees who hold their positions under the provisions of ordinance 253, one of which provisions is that these employees "serve during the will of council." The plaintiff having been discharged by the resident engineer on August 15, 1932, after the passage of the ordinance 853 authorizing the resident engineer to discharge the plaintiff, his discharge was legal, and he has no right to any salary for any period after his discharge. 2 McQuillin on Municipal Corporations (2d ed.), §§ 538, 539.

It appears undisputed from the evidence that the plaintiff had no vested right in his tenure of employment and no right to a trial by council, as contended, as a condition precedent to his discharge. It appears that his discharge by the resident engineer before the expiration of his term was lawful. The verdict for the plaintiff of an amount of salary representing the period of his term, or any portion thereof, after his discharge, was in my opinion without evidence to support it and contrary to law.

The conclusion here reached is not inconsistent with anything held in *Elliott* v. *Augusta,* 49 *Ga. App.* 568 (176 S. E. 548), and *City Council of Augusta* v. *Widener,* 51 *Ga. App.* 365 (180 S. E. 364). In the *Elliott* case the only question presented was whether the plaintiff was an officer whose office had been duly abolished by ordinance or was an employee of the city. It was held that the plaintiff "was an employee of the municipality, and his tenure of employment was for the length of time prescribed in his contract of hire." That decision is not authority against the construction which in the case now before the court I place upon ordinance 472. In the *Widener* case it was held, that, as the judgment overruling the defendant's demurrer to the petition was unexcepted to, it was adjudicated that the petition set out a cause of action. The court in effect held that as the petition, which as adjudicated set out a cause of action, was supported by the uncontradicted evidence, the court did not err in directing a verdict for the plaintiff.

In *City Council of Augusta* v. *Kelly,* 53 *Ga. App.* 589 (186 S. E. 222), the question as to the right of the city authorities as to the appointment of an employee under ordinance 472, for a term of office beginning after the expiration of three years from the second Saturday in January, 1928, was not expressly passed upon. The court held that the right to continuous appointment of employees was found in ordinance 253, and was for three years; and that the employee's discharge, which was by virtue of an ordinance abolishing his office which was passed after the appointment, was not in accordance with the ordinance of the city in force at the time of the appointment, respecting the discharge of an employee before the expiration of the term to which he was chosen as provided by ordinance. The employee in that case was not discharged in accordance with the provisions of either ordinance 253 or 472.

I am of the opinion that the court erred in overruling the defendant's motion for new trial. Assuming that the other division of this court, in deciding *City Council of Augusta* v. *Kelly,* supra, held that ordinance 472 was applicable to employees appointed after the expiration of the three-year term beginning in January, 1928, that decision can have no binding force and effect other than upon an application of the doctrine of stare decisis. The doctrine of stare decisis is one of policy only. 15 C. J. 916. The rule applies with its fullest force only where a principle has been settled

by a line of decisions; but where the soundness of a ruling which has been announced by only one decision is questioned, the court, under application of the doctrine of stare decisis, is not absolutely bound to follow it. I dissent from the judgment of affirmance.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur. Stephens, J., dissents.*