26518.   LAMBACK *v.* CITY COUNCIL OF AUGUSTA.

692

Decided March 16, 1938. Rehearing denied March 29, 1938.

*Isaac S. Peebles Jr.,* for plaintiff.

*William T. Gary, C. W. Killebrew,* for defendant.

Stephens, P. J. Fred Lamback brought suit against the City Council of Augusta, in which he alleged that he was employed by the defendant for a period of three years, beginning January 5, 1931, as assistant inspector of waterworks, at the rate of $100 per month, and on that date he entered into the performance of his contract and faithfully performed the duties thereunder as assistant inspector of waterworks until June 7, 1931, when he was wrongfully discharged by the defendant. He brought the suit after the expiration of the three-year period for which he alleged he was employed, and asked for a judgment in a sum representing the amount due him as salary or wages for the balance of the period of his term after his discharge, less an amount which he earned in other employment during that period. The defendant in its plea admitted that the plaintiff had been employed by it as assistant inspector of waterworks, and was discharged as alleged, but denied that the plaintiff was employed for a term of three years as alleged, and alleged that the plaintiff held the position for which he was employed at the will of the council of the City of Augusta, and that the defendant had the right to discharge the plaintiff as alleged, and in so doing violated no contract with the plaintiff.

On the trial of the case the following evidence was adduced: Ordinance No. 472 which was approved March 8, 1927, which amended ordinance No. 253, and provided among other things for the appointment of certain city officers and employees by the mayor, subject to the approval of the council, and also provided that "the following shall be deemed employees of the City of Augusta and shall be appointed by the mayor, subject to the confirmation by the council, on the second Saturday in January, 1928, or as soon thereafter as practicable, for a term of three (3) years, unless they are sooner relieved of their services by the mayor on approval by council, namely: [then follows a list of about fifty-six employees included in which are] two assistant paving inspectors, two oilers filter plant, assistant inspector, waterworks department, bill clerks, waterworks department, meter readers, tappers, two sewer flushers, three chain-gang guards, two watchmen Julian Smith Park," and "that the said employees immediately above named shall be entitled to trial by council for dereliction of duty, disobedience of orders, and misconduct in office, but shall otherwise be under the immediate supervision and control of the mayor."

The material portions of ordinance 536 as they appear in the brief of evidence are as follows: "Ordinance No. 536. Per annum. Waterworks inspection. Two assistant inspectors, each . . 1320.00. Approved this 24th day of January, 1928." Minutes of council for January 10, 1931, which show the following appointments made by the mayor and approved by council: "Assistant inspector waterworks department, Mr. O. B. Verdery, [other appointments] 2 assistant inspectors, waterworks dept.: Messrs. Fred Lamback, Joe Bell." The material portions of ordinance 771 as they appear in the brief of evidence are as follows: "Ordinance No. 771. Per annum. Waterworks inspection. 3 assistant inspectors waterworks, each . . 1320.00. The provisions of this ordinance shall become effective as of February 1st, 1931. Approved this 31st day of January, 1931." Ordinance No. 795 approved June 2, 1931, amending ordinance No. 771, entitled "An ordinance to amend an ordinance entitled 'An ordinance to fix and regulate the salaries of officers and employees,'" the material parts of which are as follows: "That the above-entitled ordinance [ordinance No. 771] be amended by striking from the subhead

'waterworks inspection' the words and figures '3 assistant inspectors waterworks, each $1320.00,' and inserting in lieu thereof the words and figures '2 assistant inspectors waterworks, each $1,-320.00.' Approved this 2nd day of June 1931." Upon the passage of this ordinance reducing the number of assistant inspectors of waterworks from three to two, a motion was made and passed by council that the mayor take the matter up with Mr. Bohler, the inspector of waterworks, and that it be left within their authority as to which two of the three assistant inspectors of waterworks should be retained.

The testimony of the plaintiff to the effect that he was on January 10, 1931, named in the resolution of nominations by the mayor as assistant inspector of the waterworks inspection department; that he went to work in this department under this appointment and confirmation by council from January until about the 6th day of June, when Mr. A. R. Bohler, who was superintendent of the waterworks inspection department and had charge of the office force, dispensed with the plaintiff's services; that Dr. Jennings, the mayor, did not discharge him; that Mr. Joe Bell and O. B. Verdery went in at the same time that the plaintiff did. The testimony of Mr. A. R. Bohler to the effect that he was elected inspector of waterworks on January 10, 1931, under the administration of the mayor, Dr. Jennings; that there were three inspectors appointed by the mayor where the ordinance called for only two, and it was decided by the committee of council that one should be displaced and the committee left it up to the mayor and the waterworks inspector to decide which one of the three should go, that he refused to say, that he appointed them and was not going to discharge them; that it was decided by him and the mayor and Mr. Westmoreland that it was either the first man that appeared as an appointee or the last man, the witness did not remember, should be left off; that after the conference the plaintiff, Mr. Lamback, was the one that was finally fired; that the witness exercised no discretion whatever as to which appointee should go. The testimony of Dr. W. D. Jennings, the mayor, to the effect that he was mayor of Augusta from January, 1931, to January, 1934; that he never discharged the plaintiff and can't say that he gave his consent to the plaintiff's discharge; that the records show that the matter was left by the committee to him, and Mr. Bohler who was

in charge of the department; that after the ordinance was passed it was left to him and Mr. Bohler; that Mr. Bohler came to his office and witness told Mr. Bohler to "keep the best man;" that witness did not know which one was the best man, and did not state which one of the inspectors was the best man; that the witness acted in the matter when he told Mr. Bohler to keep the best man. It does not appear that any charges were ever brought against the plaintiff or that he was ever tried by council for any dereliction of duty, disobedience of orders, or misconduct in office. The above constitutes all the evidence material to a determination of this case. The court directed a verdict for the defendant. The plaintiff moved for a new trial on the general grounds and on the special ground that the court erred in directing a verdict for the defendant and also erred in overruling the plaintiff's motion for the direction of a verdict for the plaintiff. To the judgment overruling the motion for new trial the plaintiff excepted.

Ordinance 472 has been construed by the courts as providing for successive appointments of employees therein mentioned for terms of three years; that any employee appointed under the authority of this ordinance, in January, 1931, had, under the provisions of this ordinance, a vested right to the position for a period of three years, and could be discharged only as provided in this ordinance. *City Council of Augusta* v. *Bowers*, 54 *Ga. App.* 115 (187 S. E. 264) ; *City Council of Augusta* v. *King*, 54 *Ga. App.* 111 (187 S. E. 268). Counsel for the city insists that the plaintiff was not appointed, and did not hold the position of assistant inspector of waterworks, under and by virtue of the authority of ordinance 472. Counsel insists that ordinance 472 authorized the appointment of only one assistant inspector of waterworks, and that therefore only one of the three appointees appointed as assistant inspector of waterworks by the mayor on January 10, 1931, was appointed and held the position under and by virtue of the authority of ordinance 472; that two of these appointees held under and by virtue of other ordinances of the city and therefore held the appointment at will and were subject to discharge at any time. Counsel for the city contends that as the three assistant inspectors of waterworks, one of which was the plaintiff, were appointed at the same time by the mayor with the approval of council, and that as only one of them was appointed and could hold

under and by virtue of ordinance 472, and that two were necessarily appointed by virtue and under the authority of other ordinances, it is impossible to determine which employee held under ordinance 472, and that since the burden of proof is on the plaintiff he necessarily fails to show by the evidence that he was appointed and held the position under and by virtue of ordinance 472.

We do not agree with counsel for the defendant in the construction placed upon ordinance 472. The ordinance is one classifying certain designated positions of employment under the city as either officers or employees, providing the method of their appointment and the method of discharging the employees. In the ordinance some of the positions of employment are designated in the singular, and others in the plural. As respects the position of assistant inspector of waterworks it is designated in the singular. Since the ordinance does not purport to create any of these positions, but merely classifies them as indicated, and provides the methods of appointment of persons to fill these positions and the manner of discharging them, it is not to be construed as applicable to only one incumbent of the character designated, but where there is a plurality of employees of the same designation employed by and working for the city, and appointed in the manner designated in the ordinance, the provisions of the ordinance are equally applicable to all such employees. While the ordinance states that an "assistant inspector of waterworks" is an employee of the City of Augusta and shall be appointed by the mayor and council for a term of three years unless sooner relieved from service by the mayor on approval by council, it is applicable not only to one assistant inspector of waterworks appointed by the mayor and council, but, where there is a plurality of assistant inspectors of waterworks authorized by law, and more than one has been appointed by the mayor and council and is in the employ of the city, the ordinance is equally applicable to all of them.

It is insisted by counsel for the city that there is no authority in law for more than one assistant inspector of waterworks for the City of Augusta. If this be true, and there was no authority for the plaintiff's appointment and holding the position of assistant inspector of waterworks, his discharge, although it was not done in the manner prescribed in ordinance 472, might nevertheless be

lawful. In order to sustain the judgment of the trial court in the direction of a verdict for the defendant on the ground that the plaintiff was not a legally-authorized employee of the City of Augusta, it must appear as a matter of law and without contradiction that there was no authority for his appointment. It must appear that the appointment of more than one assistant inspector of waterworks was not authorized by law or was not authorized by any ordinance of the city. Under the state of the record as here presented this court can not hold as a matter of law that there was no authority for the plaintiff's appointment or the creation of a plurality of positions entitled "assistant inspector of waterworks." The defendant, in its plea, does not deny that the plaintiff's position was legally created and authorized. The defendant, in its plea, asserts that there was no ordinance "regulating or prescribing his [the plaintiff's] term of employment." The defendant contends that the plaintiff's position or employment does not fall within the terms of ordinance 472. The plea properly construed therefore must be taken as an admission that the plaintiff's position was one lawfully created and authorized but was not within the provisions of ordinance 472 fixing the term for three years. It must be inferred that three assistant inspectors of waterworks were legally created and authorized.

The evidence under the law applicable thereto clearly was sufficient to authorize a finding that the plaintiff was a duly-appointed and legally-authorized assistant inspector of waterworks for the City of Augusta. As such he held the position under and by virtue of the provisions of ordinance 472, and could not be legally discharged except as provided in that ordinance. The plaintiff was not charged with, or tried by council for, a dereliction in duty, disobedience of orders, or misconduct in office, and his discharge can not be justified on the ground that he was guilty of any such misconduct. The ordinance provides that he is subject to discharge by the mayor with the approval of council. It is under this provision of the ordinance that it is contended that the plaintiff was discharged. There were three assistant inspectors of waterworks, one of them being the plaintiff, who were appointed January 10, 1931, by the mayor and approved by council. These three assistant inspectors were in the employ of the city in June, 1931, when council passed an ordinance which it is contended re-

duced the number of assistant inspectors of waterworks from three to two, and passed a resolution putting the matter up to the mayor and Mr. Bohler, the inspector of waterworks, as to which two of the three assistant inspectors of waterworks should be retained and which one should be discharged. The plaintiff was afterwards discharged, whether by the mayor or by Mr. Bohler the inspector of waterworks, or by both, it is not clear. Assuming, however, and this may be the fair inference from the evidence, that the mayor authorized the plaintiff's discharge, it does not appear that the council, in anything it did, which was before the mayor acted in the matter, if the mayor acted at all, authorized the discharge of the plaintiff. The ordinance and resolution of the council only reduced the number of assistant inspectors of waterworks from three to two without indicating which one of the three inspectors should go out or be discharged, but council left it to the mayor, and Mr. Bohler, the inspector of waterworks, as to which one of the three assistant inspectors should go out. This was not an approval by council of the discharge of a particular inspector. It was not an approval of the discharge of the plaintiff. The plaintiff therefore was not discharged by the mayor with the approval of council as required by the ordinance.

The evidence therefore under the law applicable to the case does not demand the finding that the plaintiff was legally discharged. It was sufficient to authorize a finding that the plaintiff filled the legally-authorized position with the City of Augusta as an employee defined in ordinance 472, that the provisions of ordinance 472 were applicable to him and that he was legally appointed as prescribed under the terms of that ordinance for a period of three years, but that his discharge was without the approval of the council and was therefore illegal, and being before the expiration of the contract of employment, constituted a breach of the contract between the city and the plaintiff, for which the plaintiff was entitled to recover. The court erred in directing the verdict for the defendant.

*Judgment reversed. Sutton and Felton, JJ., concur.*