### 31526. ADAMSON v. GAULTNEY.

SUTTON, P. J. The defendant in a dispossessory-warrant proceeding in the Civil Court of Fulton County applied to and obtained from a judge of the superior court a sanction of a petition for a writ of certiorari directed to the presiding judge of the Appellate Division of the Civil Court of Fulton County. Before the judge of the lower court answered the certiorari, the plaintiff filed in the superior court a petition to set aside the judgment sanctioning the petition for certiorari. The judge of the superior court entered an order on said petition, fixing a time and place for a hearing, and a copy of the petition and order thereon was served on the defendant. On the hearing, the judge overruled an oral motion of the defendant to dismiss the petition to set aside the judgment of sanction, and entered an order revoking the judgment sanctioning the petition for certiorari no the ground that it had been improvidently granted and that this fact appeared from the face of the petition for certiorari. The defendant excepted.

1. We have carefully examined the petition for certiorari and the entire record in this case. It appears from the face of the petition for certiorari that the assignment of error therein is that the trial judge erred in refusing to grant a nonsuit, and where it also appears that the evidence made out a case for the plaintiff, such assignment of error is not a valid one, and it would not have been error for the judge of the superior court to have refused to sanction the petition for certiorari. Under these circumstances, if the court erred in overruling the oral motion of the defendant to dismiss and in revoking the order of sanction upon the petition for certiorari, such error was harmless to the petitioner and he has no valid ground of complaint. *Butters Manufacturing Co.* v. *Sims,* 47 *Ga. App.* 648 (2) (171 S. E. 162). Also, see *White* v. *State,* 71 *Ga. App.* 512, 513 (31 S. E. 2d, 78) where it was ruled: "Our holding is, that the petition for certiorari in this case shows on its face that the petitioner was guilty of contempt of court; and, therefore, that it should not have been sanctioned by the judge of the superior court. We further hold that, although the judge inadvertently sanctioned the petition, he rectified that error by thereafter dismissing the petition and reaching the same result that would have followed the refusal to sanction it."

(a) The cases cited and relied on by the plaintiff in error, *Brown & Wright* v. *Smith & Leonard,* 24 *Ga.* 418, and *Beall* v. *Bailey,* 45 *Ga.* 300, are distinguishable on their facts from the present case and do not authorize or require a different ruling from the one made herein. In those cases,

the court called them for trial and decided them on their merits before the term to which they were made returnable, while in the present case no decision was made on the merits of the case but the judgment was one on the order sanctioning the petition for certiorari.

2. It does not appear that this case was brought to this court for delay only, and, therefore, the motion of the defendant in error to assess damages pursuant to the Code, § 6-1801, is denied. *City Council of Augusta* v. *King*, 54 *Ga. App.* 111 (3) (187 S. E. 268).

*Judgment affirmed. Felton and Parker, JJ., concur.*

DECIDED FEBRUARY 26, 1947.

*E. L. Fowler, C. E. Moore,* for plaintiff in error.
*Houston White, Sam F. Lowe Jr.,* contra.